UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA    :

      v.    :    Criminal No. 06-21-(2) (RBW)

RALPH BERNARD INGRAM    :

<u>MOTION TO DISMISS INDICTMENT, SPEEDY TRIAL ACT</u>

Defendant moves to dismiss the Indictment in this case under the Speedy Trial Act and addresses the effect of pre-trial motions filed by the United States on 18 U.S.C. 3161(h)(1)(F), which excludes from the time period of 70 days for trial of a defendant from the filing of an indictment or first appearance before a judge or magistrate for "delay resulting from any pretrial motion, from the filing of the motion through conclusion of the hearing, or other prompt disposition of, such motion."  The issue involves whether such delay is occasioned by motions filed by the government and any considerations which might affect whether such delay should be excluded from the operation of the Speedy Trial Act provision cited above.

I. <u>Procedural History</u>

In order to put the issue in proper prospective, a review of the procedural history is in order.

1. Defendants appeared before Magistrate Judge Deborah A. Robinson

1

on January 27, 2006 on a Complaint which charged a violation of 21 U.S.C. 841(a) (PWID – cocaine base) and using or carrying a firearm under 18 U.S.C. 924(c) on January 26, 2006.  Upon presentment, the matter was continued to January 31, 2006 for a Detention Hearing.  An Indictment was filed on January 27, 2006, charging both defendants with Possession With Intent to Distribute Cocaine Base; Cocaine; Heroin and Using, Carrying and Possessing a Firearm – all on January 26, 2006.

    2. On January 31, 2006, defendants were arraigned on the Indictment and entered pleas of not guilty.  As to detention, the government proceeded by proffer.  The matter was continued until February 1, 2006 and was continued again until February 8, 2006 for new counsel for defendant, Blakney to review the transcript of the proceedings of January 31, 2006.  A ten day hold as to defendant, Ingram, was to expire on February 10, 2006, but the time could be shortened by the Court.  February 8, 2006 was the date set for further proceedings.  On February 8, 2006, the matter was continued until February 9, 2006 for new counsel appointment for defendant, Blakney.  On February 9, 2006, the Court granted the government's motion for detention of the defendants and issued its written findings on February 10, 2006.

3. A Status Hearing was held by this Court on February 13, 2006 and was continued until February 27, 2006.  Discovery had not been completed.  On February 27, 2006, the status hearing was continued until March 1, 2006 for new counsel for defendant, Blakney.   New counsel for Blakney entered his appearance on March 1, 2006,  and a new status hearing date was set for March 21, 2006.

4.  In the meantime, on February 22, 2006, the government filed four motions.  They were motions to impeach each defendant with alleged prior convictions under Federal Rule of Evidence 609 and seek the admission of evidence under Federal Rule of Evidence 404(b).  At the Status Hearing of March 21, 2006, the question arose as to the effect of these government motions on the Speedy Trial Act's exclusion of time.  The Court set a schedule for pleadings on this issue and a new Status Date of  May 5, 2006, with further Status Hearing Date of June 16, 2006.  At the hearing on March 21, 2006, the government announced that a superseding indictment would be expected to be filed by the end of  May 2006.

## II. Argument

5.  Whether or not a superseding indictment is filed at some future time is of no moment, as we are dealing with the indictment presently pending in this case.  As has been held, "A'superseding indictment' means a second

indictment in the absence of a dismissal of a prior indictment. *United States v. Rojas-Contreras*, 474 U.S. 231, 237, 106 S.Ct. 555, 558, 88 L.Ed2d 537, (1985) (Blackman, J., concurring.)' *United States v. Bowen*, 946 F.2d 734, 736 (10th Cir. 1991. The Court in *Bowen* found no authority 'which supports the proposition that a superseding indictment zaps an earlier indictment to the end that the earlier indictment somehow vanishes into thin air.' Id at 736. As also held in *United States v. Rojas-Contreras, supra,* the filing of a superseding indictment does not necessarily restart the clock. 106 S.Ct. at 558. See also *United States v. Santiago-Becerril,* 130 F.3d 11, 19 (1st Cir. 1997); *United States v. Salmonese,* 352 F.3d 608, 622 (2nd Cir. 2003). If there is a superseding indictment in this case, relation-back issues will have to be addressed. We cannot speculate on those issues here. We deal with what we have.

      6. On the issue of excludable time, the Supreme Court in *Henderson v. United States*, 476 U.S. 321, 106 S.Ct. l871 (1986), held "that Congress intended subsection (F) to exclude from the Speedy Trial Act's 70 day limitation all time between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding that hearing is 'reasonably necessary'" 106 S.Ct. 1877. The opinion noted that both parties, defense and government, made filings. As to a government motion to set the

4

case for trial, the majority held that it need not decide whether the time was excludable under subsection (F) as it did not effect the disposition of the case. (106 S.Ct. at 1878).

    7. The Court of Appeals for the District of Columbia Circuit, held that the exclusion of time between the filing and disposition of pre-trial motions is automatic. On the issue as to whether the trial court improperly excluded preparation time, the Court held that 3161(h)(1) permitted the court to exclude such time in its discretion. The Court went on to hold that it "need not decide whether the question would be decided differently if it was the government who requested extra time to prepare to file a motion." *United States v. Wilson,* 835 F.2d 1440, 1444 (D.C. Cir. 1987).

    8. The motions filed by the government as to impeachment by prior conviction under Federal Rule of Evidence 609, are motions in limine and are in contemplation of trial testimony by a defendant. Such decisions are premature at this stage of the proceedings and are usually made either right before trial or after the government has rested its case in chief. As to the motions seeking admission of evidence pursuant to Federal Rule of Evidence 404(b), they are captioned as motions in limine. Although the government identifies certain alleged prior convictions and arrests, it states that it will supplement the information with additional specific facts when

the case jackets are returned from closed files. The 404(b) motions are premature in that defendant contends there is nothing, factually, for the Court to examine at this stage. The government cites case authority in the area of Rule 404(b), but does not and cannot argue how the so-called 404(b) evidence is admissible under Rule 104(b) and 403. The government's statement that it will supplement with additional specific facts concerning the alleged 404(b) when the case jacket is returned from closed files means that the motion is not ripe for determination. The question then becomes: "Why did the government file the motions when it did?" One can only conclude that the purpose was to toll the running of the Speedy Trial clock. The question is whether there is evidence of pretextual filing. See *United States v. Rojo-Alvarez*, 944 F.2d 959, 965-66 (1st Cir. 1991).

    9. Although the Indictment in this case was filed January 27, 2006, predicated upon an execution of search warrants and arrests of the defendants, some discovery in this case was given, but other discovery has not been fully provided, especially as to the affidavit in support of the search warrants. Several pages of the affidavit that were turned over to counsel for defendants were redacted. There is no way that any meaningful arguments can be made as to the sufficiency of the probable cause. No information concerning examination of the suspected substances seized have been

provided. Requests have been made concerning these matters, but there has been no response. The government has not informed counsel that such discovery will not be provided, only that it will be forthcoming. April 7, 2006 - the date that this pleading is due - is the 70th day by counsels' calculation from Indictment and first appearance.

10. The dilemma as to meaningfully responding to the Rule 404(b) motions lies in the fact that the motions do not provide the Court with the underlying facts which the government contends would support the admission of the evidence so that the defendants could properly respond.

11. In the cases of *Huddleston v. United States*, 485 U.S. 681, 108 S.Ct. 1496 (1988); *United States v. Bowie, 232 F.3d 923 (*D.C. 2000); *United States v. Cassell*, 352 F.3d 84 (D.C. 2002); and *United States v. Linares,* 367 F.3d 941 (D.C. 2004), the factual predicates for the admission of the 404(b) evidence were before the trial Court. In order to argue the admissibility of the so-called 404(b) evidence, more than the fact of arrest or conviction must be elicited so that the parties can meaningfully argue and the Court can determine the issue. At this stage, the Court is not in a position to dispose of the motion, or even hold a hearing.

12. As the Supreme Court held in *Henderson v. United States*, supra: "The provisions of the Act are designed to exclude all time that is consumed

in placing the trial court in a position to dispose of a motion. ." 106 S.Ct. at 1877.  This is not a situation where the Court is withholding disposition of a motion – post hearing. (id. At 1877).  In the instant case, the Court is not in a position to hold a hearing or dispose of the motions at all,  because of the absence of supplemental facts. Under the circumstances, the time should not be excluded as long as the Court is not in a position to hold a hearing or dispose of the motions.

13.  The alacrity within which the government secured the Indictment in this case – being the day after arrest – would indicate that the case – like a train – would be on a fast track.  The fact is that the train has not left the station.  Because of the situation outlined above, the present Indictment should be dismissed and the defendants discharged from custody.

WHEREFORE,  Defendant prays that  the time during which the government's motions under Rule 609, F.R.Ev. and Rule 404(b) F.R.Ev are pending,  not be excluded under 18 U.S.C. 3161(h)(1)(F)  and that this motion be granted in all of its particulars.

                                              WILLIAM J. GARBER #42887
                                              717 D Street, N.W. Suite 400
                                              Washington, D.C. 20004
                                               Tel. (202) 638-4667
                                               Fax( 202) 842-8469

                                              Attorney for Defendant Ralph
                                              Bernard Ingram