UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-21 (RWR) |
| | : | |
| CINQUAN L. BLAKNEY | : | |
| and | : | |
| RALPH INGRAM | : | |
| Defendants. | : | |

**GOVERNMENT'S OPPOSITION TO DISMISS INDICTMENT, SPEEDY TRIAL ACT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby opposes defendants' Motion to Dismiss Indictment, Speedy Trial Act. The government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

**Factual Background**

The defendants have been charged in a four-count indictment with Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base (Crack) and Aiding and Abetting, Unlawful Possession with Intent to Distribute Cocaine and Aiding and Abetting, Unlawful Possession with Intent to Distribute Heroin and Aiding and Abetting, and Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense and Aiding and Abetting.

On January 26, 2006, at approximately 8:40 p.m., members of the F.B.I. SWAT team and members of the F.B.I./ Metropolitan Police Department Safe Streets Task Force executed a United States District Court search warrant at xxxx xxxxxxxxxx xxxxx, Southeast, xxxxxxxxx xxxx, Washington, D.C. As law enforcement officers approached the residence, defendant Ralph Ingram was in front of the residence. Defendant Ingram observed the law enforcement officers, who were

wearing clothing identifying themselves as law enforcement, approaching and ran inside xxxxxxxxx xxxx. Law enforcement officers chased defendant Ingram towards the apartment, as defendant Ingram closed the front door. The law enforcement officers forced open the door.

Defendant Ingram and another individual, Tristan Sellers, were located in an upstairs bedroom. Defendant Cinquan Blakney and India Graves, Mr. Blakney's child's mother, were located in the other second floor bedroom.

Law enforcement officers searched the residence and found the following items: inside the bathtub of the second floor bathroom was a blue Glad ziplock bag. Inside the blue Glad ziplock bag was a clear plastic bag containing brown powder, and another clear ziplock bag which contained eighty-seven smaller ziplock bags of brown powder. The brown powder was field-tested and gave a positive reaction for opiates. There was also another clear ziplock bag which contained a mixture of white rock-like substance and a white powder. The substances field-tested positive for cocaine, and weighed approximately 41.4 grams. Another clear plastic bag containing a white powder was recovered. The white powder was field tested and gave a positive reaction for cocaine. The bag and contents weighed 68.5 grams.

Defendant Ingram had on his person seventy ziplock bags containing a brown powder that field tested positive for opiates. Located on the bathroom floor was a loaded UZI 9mm firearm. Also inside the bedroom where defendant Ingram was located was a loaded .40 caliber Smith & Wesson semi-automatic firearm. Law enforcement officers located white residue inside the kitchen microwave, and three scales on the kitchen counter. The scales had a white residue on top of them. Defendant Blakney had approximately $1,862.00 in U.S. Currency, and there was mail matter in defendant Blakney's name.

Both defendants were arrested and charged with Unlawful Possession with Intent to Distribute Cocaine Base and Using, Carry and Possessing a Firearm During a Drug Trafficking Offense.[1] On January 27, 2006, the defendants were indicted. On January 31, 2006, the defendants were arraigned on the indictment and pled not guilty.

### Legal Analysis and Argument

The defendants contend that the Court should not exclude the time between when the government filed its Motion in Limine Seeking Admission of Evidence Pursuant to Federal Rule of Evidence 404(b) and to Admit Other Crimes Evidence ("404(b) motion"), and Motion to Impeach Defendant with His Prior Convictions Pursuant to Rule 609 ("609 motion"). These motions were filed on or about February 22, 2006. The defendants' arguments are meritless.

First, the defendants contend that the government's 609 motion should not toll the time of the Speedy Trial Act because these motions are "premature at this stage of the proceedings and are usually made either right before trial or after the government has rested its case-in-chief." Def. Motion to Dismiss Indictment, Speedy Trial Act at 5. Next, the defendants contend that because the government has not provided the defense with the discovery regarding the defendants prior criminal acts, the 404(b) motion is "premature," and therefore the time should not be excluded under the Speedy Trial Act. Motion to Dismiss Indictment, Speedy Trial Act at 6-8.

The Speedy Trial Act, 18 U.S.C. § 3161 et seq ("the Act"), was enacted by Congress in 1974 to effectuate the Sixth Amendment right to a speedy trial by setting specific time limits within which criminal trials must commence. The Act requires that a defendant be brought to trial within seventy

---

[1] Initially, Mr. Sellers was also charged, but his charges were dismissed on January 27, 2006.

days of either the defendant's first appearance before a judicial officer or the filing of the indictment, whichever is later. 18 U.S.C. § 3161(c)(1). Also, 18 U.S.C. § 3164 provides the trial of a detained person shall commence within ninety days of detention. Section 3161(h) identifies specific instances when time periods are excluded from the Act. Specifically, Section (F) requires the exclusion of any period of delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or any other prompt disposition of such motion. 18 U.S.C. § 3161(h)(1)(F).

The defendants' argument that the government's 609 motion should not toll the time of the Act is not supported by the law. Essentially, the defendants want the Court to accept the concept that because some judges decide to conduct 609 hearings immediately before trial, without defense objection, that in some way should wipe out the plain meaning of 18 U.S.C. 3161(h)(1)(F). Section (F) does not say some pretrial motions, it states "any pretrial motion." Certainly, the 609 motion is a pretrial motion. Certain courts treat a 609 motion as a notice rather than a motion. Whether a 609 motion is a notice rather than a motion is of no concern to this Court. "We will not endeavor to split semantic hairs; that the government here filed a 'notice' rather than a 'motion' is without consequence to the § 3161 (h)(1)(F) analysis. United States v. Santoyo, 890 F.2d 726, 727 (5th Cir.1989).[2]

In United States v. Henderson, 476 U.S. 321 (1986), the Court explained the parameters surrounding Section (F) of the Act. The Court noted that Section (F) does not require that a delay be reasonable. Id. At 326-327. "The history shows that Congress was aware of the breadth of the

---

[2] Also, the defendants have failed to respond to the government's 609 motion. There are no discovery issues outstanding with respect to that motion, and the defendants have all the evidence necessary to respond.

exclusion it was enacting in Section (F)." Id. at 327. "In its subsequent consideration of Subsection (F), the House of Representatives did not qualify the exclusion in any way . . . ." Id.

In United States v. Wilson, 835 F.2d 1440 (D.C. Cir. 1987), the Court of Appeals addressed this issue. In Wilson, the defendants claimed that the their convictions violated the Act. Id. at 1441. Specifically, the defendants contended that the trial court excluded time for the preparation of pretrial motions, which they argued was improper. Id. At 1444. In deciding that pretrial motion preparation time was a proper reason to exclude time towards the Act, the court joined other courts and stated that "[t]wo other circuits have expressly held that the 'other proceedings' may include time allotted by the trial judge for preparation of motions, even though §3161(h)(1)(F), specifically dealing with motions, does not cover preparation time." Id. See also, United States v. Tibboel, 753 F.2d 608, 610 (7th Cir. 1985); United States v. Jodoin, 672 F.2d 232, 238 (1st Cir. 1982). The court did not decide whether the issue would be different if it were the government requesting additional time. Id. In United States v. Bolden, 700 F.2d 102, 103, (2nd Cir. 1983), the court held that the making of a pretrial motion automatically triggers a period of excludable delay under the Act, and "Congress assured reasonable opportunities to the government for response."

In the instant case, the government has provided discovery involving four of defendant Blakney's prior criminal acts. The government is in the process of obtaining discovery pertaining to the final two criminal episodes involving Blakney. The final two cases occurred when defendant Blakney was a juvenile, and thus necessitate additional time for the government to obtain the discovery. The government anticipates that the discovery will be available in the next few weeks. With respect to defendant Ingram, two of his prior criminal episodes occurred in other jurisdictions and the government has been diligently attempting to obtain the discovery. Again, the government

anticipates receiving these documents in the next few weeks. The government has been acting in good-faith in an effort to provide defense counsel with these documents, and will continue to act in that fashion. The government, in its 404(b) motion, has provided the legal argument with which it will seek to introduce the defendant's prior criminal acts, and the government knows of no reason why the defense could not respond to the government's arguments.

Furthermore, the issue of which party filed the motion which resulted in the Act tolling the time the trial must commence is of no consequence. In United States v. Brim, 630 F.2d 1307, 1312 8th Cir. 1980), both the defendant and the government filed pretrial motions. The defendant argued that "motions for discovery, disclosure of alibi witnesses, and the like" should not toll time under the Act. Id. The court stated that "Congress intended a more liberal interpretation of the provision as a whole." Id. A motion to disclose an alibi witness is a motion formally filed by the government. Clearly a motion filed by the government will toll the time pursuant to the Act. Moreover, with the filing of this motion, the defense has stopped the time by which the trial must commence, pursuant to the Act. The defendants' motions were filed on April 7, 2006, and at a minimum that time should be excluded from the Act.

This Court may also exclude the time for which the trial must commence pursuant to 18 U.S.C. § 3161(h)(8)(A), of the Act. That Section permits the Court to exclude any period "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweighed the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). In United States v. Fields, 39 F.3d 439 (3rd Cir. 1994), the Third Circuit found no violation of the Act when the trial court found that the additional time was necessary to enable defense counsel to investigate and prepare pretrial motions. Id. at 443.

WHEREFORE, for the reasons stated above, the United States respectfully submits that the Defendants' Motion to Dismiss Indictment, Speedy Trial Act should be denied.

    Respectfully submitted,

KENNETH L. WAINSTEIN.
United States Attorney
Bar No. 451058

_____

Anthony Scarpelli
George Eliopoulos
Assistant United States Attorneys
Narcotics Section, D.C. No. 474711
555 4th Street, N.W.  #4816
Washington, DC 20530
Phone: 353-1679

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing Government's Opposition to Defendants' Motion to Dismiss Indictment, Speedy Trial Motion, to be served by Electronic Case Filing upon the attorney for the defendant Cinquan Blakney, Lewis Martucci, Esquire, and the attorney for defendant Ralph Ingram, William Garber, Esquire, this 19th day of April, 2006.

_____
Anthony Scarpelli
Assistant United States Attorney