UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA :

      v.                                :         Criminal No. 06-21 (2) )RBW

RALPH B. INGRAM             :

<u>REPLY TO GOVERNMENT'S OPPOSITION TO
MOTION TO DISMISS INDICTMENT</u>

Defendant, Ralph B. Ingram, by and through his attorney, makes the following Reply to the Government's Opposition to his Motion To Dismiss Indictment, Speedy Trial Act.

1. One of the points raised in the Government's Opposition refers to 18 U.S.C. 3161(h)(8)(A) which permits a Judge to grant a continuance on his own motion or on motion of defendant or his counsel or at the request of the attorney for the government, "if the judge granted the continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The statute further provides. "No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record, in the case, either orally or in writing, reasons for finding that the ends of

1

justice served by the granting of such continuance outweighs the best interest of the public and the defendant in a speedy trial.

    2. Defendant does not find in the record of this case, where the Court was specifically asked to invoke the provisions of 18 U.S.C. 3161(h)(8)(A). It should be noted in the Government's Opposition (pg. 5), that it still is in the process of obtaining discovery both as to co-defendant, Blakely and Defendant, Ralph Ingram. As to discovery already provided, the affidavit in support of the search warrants in this case has not been fully provided in unredacted form. The Government recites its anticipation in obtaining further discovery, but now seeks to invoke the above cited statute after the filing of the Speedy Trial motion.

    3. The Government alleges in its Opposition (pg. 6) that the speedy trial motion stopped the clock. The Court of Appeals for the District of Columbia Circuit addressed the question of exclusion of time spent on speedy trial motions. The Court stated in *United States v. Wilson*, 835 F.2d 1440, 1444 (DC Cir. 1987). "Motions for dismissal of an indictment on speedy trial grounds necessarily fall into one or the other of two categories: those that are entitled to prevail and those that are not. As to the first, the trial court's granting the motion will give the defendant what he or she wants; where he trial court erroneously denies the motion, trial will be

2

delayed but (presumably) the court of appeals or Supreme Court will protect the defendant from the ensuing illegal conviction. . ." Defendant contends that in order to vindicate the Speedy Trial right, a motion must be filed. There is no other way to bring the issue before the court.  In fact , this Court set a schedule for addressing the Speedy Trial issue at the Status Conference of March 21, 2006.  Defendant has complied with that directive.

    4.  This case involves motions filed by the government and not the defendants.  In the cases of *United States v. Wilson*, supra and *United States v. Henderson,* 476 U.S. 321, 106 S.Ct. 1871 (1986), the issues involved motions on behalf of a defendant. Both Courts did not decide whether the situation would be different if government motions were at issue. *Wilson, supra* 835 F.2d at 1444; *Henderson*, supra 1206 S.Ct. at 1878. In this case, the Government's motions are at issue.

    5.  Defendant contends that both motions filed by the government were not ripe for disposition, absent the further discovery being sought.  The question then becomes, whether the motions were filed to' stop the clock' until the additional material could be obtained. (See *United States v. Rojo-Alvarez*, 944 F.2d 959, 965-66 (1 Cir. 1991)).  This is not a situation where the Court has held a hearing and has requested additional materials. See *Henderson v. United States, supra* at 1877. The time should not be excluded.

6. The Government cites 18 U.S.C. 3164, providing for trial of detained persons within ninety (90) days of detention. Defendant notes also, that the statute provides for 'automatic review by the court of the conditions of release. No detainee, as defined in subsection (a), shall be held in custody pending trial after the expiration of such ninety day period required for commencement of his trial." 3164(c). The expiration of ninety days would mandate release of Defendant from custody.

7. For all of the reasons stated herein, in the motion filed and to be addressed at the hearing, Defendant's Motion should be granted.

> WILLIAM J. GARBER #428877
> 717 D Street, N.W. Suite 400
> Washington, D.C. 20004
> Tel (202) 638-4667
> Fax (202) 842-8469
>
> Attorney Defendant, Ralph Ingram