UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA         :

      v.                                           :   Criminal No. 06-21-02 (RBW)

RALPH B. INGRAM                     :

OPPOSITION TO THE GOVERNMENT'S
MOTION IN LIMINE SEEKING ADMISSION OF
EVIDENCE PURSUANT TO RULE OF
EVIDENCE 404(b) AND TO IMPEACH DEFENDANT
WITH PRIOR CONVICTIONS PURSUANT TO RULE 609

    Defendant, Ralph B. Ingram, by and through his attorney, responds and opposes the Government's motions seeking admission of evidence pursuant to Rule 404(b), Federal Rules of Evidence and impeachment pursuant to Rule 609.  The following is submitted regarding opposition to the motion to impeach by prior convictions, and other acts.( Rule 404(b).

    1. As the government notes, an election by a defendant to testify is a prerequisite to any consideration of whether the Court would permit such impeachment.  As a practical matter, decisions as to whether or not a defendant will testify in any case are most often determined right before trial, when discovery and investigation has been completed or deferred until after the government has presented its case.  Therefore, any pre-trial determination that such impeachment be permitted, would be premature at this stage of the proceedings.

1

2. On page 2 of its pleading, the government alleges prior convictions of a U.S. Dist. Ct., Maryland , Possession of PCP with a sentence of 6 months and 1 year supervised release; and a P.G. County, PWID CDS, with a sentence of probation without a judgment 6 mos. It does not appear, based upon the alleged dispositions of less than one year, that either of the above alleged priors are felonies invoking Rule 609(a) (1)– or in the case of the P.G. County alleged charge – that a conviction resulted. In fact, the law in Maryland is that Probation before judgment is not a conviction. *Myers v. State,* 496 A.2d 312 (Md. l985); *Jones v. Baltimore City Police Dept.* , 606 A.2d 214 (Md.1992); *Annotated Code of Maryland, 6-220(g).* absent a violation of probation . Id 6-220(f). The details of these alleged prior convictions are not delineated in the government's pleading. The government has stated in its Rule 404(b) motion that it will supplement with further specific facts when the files are available. (Govt. Mot. Pg. 3).

3. Rule 609(a)(1), Federal Rules of Evidence, provides that the crime must be punishable by death or imprisonment in excess of one year under the law under which the witness was convicted before the evidence shall be admitted. Under 609(a) (2), convictions involving dishonesty or false statement are admissible, regardless of the punishment. In *United States v. Fearwell*, 595 F.2d 771, 777 (DC Cir. 1978), the Court admonished "Rule

2

609(a)(2) is to be construed narrowly; it is not *carte blanche* for admission on an undifferentiated basis of all previous convictions for purposes of impeachment; rather precisely because it involves no discretion on the part of the trial court in the sense that all crimes meeting its stipulation of dishonesty or false statement must be used for impeachment purposes, Rule 609(a)(2) must be confined. . .to a 'narrow subset of crimes'-those that bear *directly* upon the accused's propensity to testify truthfully." Citing *United States v. Smith*, 551 F.2d 348 (DC Cir. 1976((emphasis in original). As *Smith*, supra explained "(b)y the phrase 'dishonesty and false statement' the (Congressional Conference Committee) means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretenses, or any other offense in the nature of *crimen falsi*, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully." (id at 362. As to the alleged possession of PCP, it would not be admissible for impeachment under 609(a) (2). See *United States v. Lewis,* 626 F.2d 940, 946 DC Cir. 1980); See also *United States v. Millings* 535 F.2d 121, 123 (DC Cir. 1976). The defendant would also argue that a conviction for Attempted Robbery would not be admissible under 609(a)(2) as a crime

3

involving dishonesty or false statement. See *United States v. Smith*, supra, 551 F.2d 348, 362.

4. Defendant contends that the two alleged possession cases would not qualify under Rule 609(a) (1) or (2). for impeachment purposes for all of the reasons stated above.

5. As for felonies, Rule 609(a) (1) provides that in the case of an accused, evidence of crime shall be admitted if the court 'determines that the probative value outweighs its prejudicial effects to the accused.'

6. The Court of Appeals for this Circuit in Its en banc opinion in *United States v. Lipscomb*, 702 F.2d 1049 (DC Cir. 1983)(en banc), discussed Federal Rule of Evidence 609(a) (1) and the principles to be applied for the admission of prior felonies as impeachment. The Court held: 'preliminary that the district court must carefully and thoughtfully consider the information before it to determine if probativeness outweighs prejudice to the defendant. This balancing must not become a ritual leading inexorably to admitting the prior conviction into evidence. . .In particular, there can be no legal presumption of admissibility. To the contrary, as noted earlier, the burden is on the government to show that the probative value of a conviction outweighs its prejudicial effect to the defendant. . ." 702 F.2d at 1063. Earlier, the Court said 'that the prosecution must show that the

4

probative value of a prior conviction outweighs the prejudice to the defendant. If it cannot do so, the evidence is excluded.' (Id. At 1055). After a discussion of the legislative history of the Rule, the Court concluded that. . .on the basis of the available evidence and subject to the caveat in the last paragraph, we must conclude that Congress believed that all felonies have some probative value on the issue of credibility. (Id at 1062). However, the Court recognized "evidence that a witness is a convicted criminal can also seriously prejudice the defense, especially when the witness is the defendant himself. . .The jury is told to consider the defendant's prior conviction only on the issue of credibility and not on the overall issue of guilt. But limiting instructions of this type require the jury to perform 'a mental gymnastic which is beyond not only their powers, but anybody else.' In the words of Justice Jackson: "The naïve assumption that prejudicial effects can be overcome by instructions to the jury, all practicing lawyers know to be unmitigated fiction. . ." The Court further stated: "When the defendant is impeached by a prior conviction, the question of prejudice, as Congress well knew is not *if*, but how much. Congress in Rule 609(a)(1) therefore instructed the courts to admit evidence of a prior felony conviction 'only if. . . .the court determines that the probative value of admitting this evidence outweighs its prejudical effect to the defendant/' (Id l062-63)

5

7. The government has only alleged certain priors by name, court and disposition  Defendant contends that such barebones data gives the Court nothing substantive upon which to make the determination required by the Rule.  We think that this is a case in which the Court should inquire into the facts and circumstances of each proffered act.  On the basis of what has been asserted in the government's pleading, impeachment under Rule 609(a)(1) should not be allowed.  There are no grounds for impeachment under 609(a)(2).  At this point their motion should be denied.

8. In their Rule 404(b) motion, the government identifies a CDS and PCP matter referred to in their 609 motion.  The government states that it will supplement the information with 'additional specific facts when the case jacket is returned from closed files.' (Govt. Mot. Pg. 3).  As was stated by Defendant, Ingram, in his motion to dismiss the indictment under the Speedy Trial Act, defendant cannot meaningfully respond to the 404(b) motion in that the motion does not provide the underlying facts which would support the admission of the evidence.  As was pointed out in the cases of *Huddleston v. United States*, 485 U.S. 681, 108 S.Ct. 1496 (1988); *United States v. Bowie*, 232 F.3d 923 (DC Cir. 2000); *United States v. Cassell*, 352 F.3d 84, (DC Cir. 2002);  and *United States v. Linares*, 367 F.3d 941 (DC.

Cir. 2004), the factual predicate for the admission of the 404(b) evidence was before the court.

    9.  *Huddleston v. United States*, 485 U.S. 681, 108 S.Ct. 1496 (1988), made clear that it is the evidence of the extrinsic act that is to be considered and that evidence cannot adversely reflect on character, but must be relevant to relevant issues such as motive, opportunity, or knowledge or where the issue involves a state of mind. 108 S.Ct. at 1499.  Although the trial court neither weighs credibility nor makes a finding that the 'Government has proved the conditional fact by a preponderance of the evidence.' The court must examine the evidence and decide whether the jury could reasonably find the 'conditional fact.' (id 1501).

    10.  Defendant must know what the government contends the facts are in the 404(b) context and how they are relevant to issues other than character so that he can respond to their arguments.  Their motion is not ripe for consideration as admittedly they do not have the facts to present to the Court.  Defendant reiterates the arguments made in his Motion To Dismiss Indictment, Speedy Trial Act (pg. 6,7).  As of the date and time of the electronic filing in this case, although the Government has made legal arguments, Counsel has not received any factual supplement to the

government's motions pursuant to Rule 609 and 404(b) and has addressed the issues on the basis of the pleadings filed on February 22, 2006.

11.  At this posture, their motions should be denied.

>WILLIAM J. GARBER, #42887
>717 D Street, N.W. Suite 400
>Washington, D.C. 20004
>Tel (202) 638-4667
>Attorney for Defendant, Ralph Ingram