UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 06-21 (RBW) |
| | ) | |
| CINQUAN L. BLAKNEY, and RALPH INGRAM, | ) | |
| | ) | |
| Defendants. | ) | |

FILED

MAY 2 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## ORDER

Currently before the Court is the defendants' motion to dismiss their indictments pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 (2000) ("Defs.' Mot."). For the following reasons, and in accordance with the Court's oral orders issued at the motions hearing on May 5, 2006, the defendants' motion is denied.

### I. Background

On January 27, 2006,[1] an indictment was filed against the defendants on the following charges: Possession With Intent to Distribute Cocaine Base, 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) (2000); Possession With Intent to Distribute Cocaine, 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); Possession With Intent to Distribute Heroin, 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense, 18 U.S.C. §

---

[1] In addition, the defendants made their first appearances before a judicial officer, Magistrate Judge Deborah Robinson, on this date.

1

924(c)(1) (2000); and Aiding and Abetting, 18 U.S.C. § 2 (2000). On February 22, 2006, the government filed motions seeking to impeach the defendants with alleged prior convictions under Federal Rule of Evidence 609 and seeking the admission of evidence under Federal Rule of Evidence 404(b) [D.E. #s 9-12].[2] Defs.' Mot. ¶ 4. The defendants contend that the Rule 609 motions, because they are motions in limine, "are premature at this stage of the proceedings and are usually made either right before trial or after the government has rested its case in chief." Id. ¶ 8. Similarly, the defendants argue that the Rule 404(b) motions were prematurely filed because "there is nothing, factually, for the government to examine at this stage. . . . The government's statement that it will supplement with additional specific facts concerning the alleged 404(b) [evidence] when the case jacket is returned from closed files means that the motion is not ripe for determination." Id. The government argues in return that it "has been acting in good-faith" in filing the motions when it did. Goverment's Opposition to Motion to Dismiss Indictment ("Gov't Opp'n") at 6.

## II. Analysis

The Speedy Trial Act requires that a defendant be brought to trial within seventy days of either the defendant's first appearance before a judicial officer or the filing of an indictment, whichever is later. 18 U.S.C. § 3161(c)(1). The Act further provides that "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" shall be excluded when computing the 70-day period. 18 U.S.C. § 3161(h)(1)(F) ("Subsection F").

---

[2] The defendants filed their oppositions to the government's pending pretrial motions on April 28, 2006.

2

The defendants contend that because the government's motions are "not ripe for determination," the time during which the motions are pending should not be excluded from Speedy Trial Act calculations "as long as the Court is not in a position to hold a hearing or dispose of the motions." Defs.' Mot. at 6, 8. The defendants intimate that the government's motions are a "pretextual filing," filed prematurely in order "to toll the running of the Speedy Trial clock." Id. at 6. Furthermore, the defendants argue that because more than 70 days has elapsed since the filing of the indictment and the defendants' first court appearance before the magistrate judge, their indictments should be dismissed. Id. at 7-8.

The government argues in response that the plain meaning of the Speedy Trial Act tolls the 70-day period upon the filing of "<u>any</u> pretrial motion," Gov't Opp'n at 4 (emphasis added), which necessarily includes the Rule 404(b) and Rule 609 motions filed in this case.[3] It contends that this plain meaning should not be overridden simply "because some judges decide to conduct [Rule] 609 hearings immediately before trial, without defense objection," id. at 4, or because the government remains in the process of "diligently attempting to obtain . . . discovery" relating to the Rule 404(b) motions, id. at 5. The Court agrees with the government.

It appears that the phrase "any pretrial motion" in Subsection F was intended to be construed broadly. See United States v. Wilson, 835 F.2d 1440, 1443 (D.C. Cir. 1987) (noting the "broad terms" of Subsection F). "Read naturally, the word 'any' has an expansive meaning, that is, 'one or some indiscriminately of whatever kind.'" United States v. Gonzales, 520 U.S. 1, 5 (1997) (citation omitted) (concluding that the phrase "any other term of imprisonment" under

---

[3] The government's argument regarding the meaning of the phrase "any pretrial motion" refers only to its Rule 609 motion. Gov't Opp'n at 4. However, the argument is plainly applicable to both the Rule 609 motion and the Rule 404(b) motion.

3

18 U.S.C. § 924(c)(1) cannot be limited to only federal sentences). Moreover, as the Supreme Court observed in United States v. Henderson, 476 U.S. 321 (1986), "[t]he legislative history . . . shows that Congress was aware of the breadth of the exclusion it was enacting in [S]ubsection F. . . . [and i]n its subsequent consideration of [S]ubsection F, the House of Representatives did not qualify the exclusion in any way or limit [its] potential abuse by statute." Id. at 327. Instead, "Congress clearly envisioned that any limitations should be imposed by [C]ircuit or district court rules rather than by the statute itself." Id.; see also H.R. Rep. No. 96-390, at 10 (1979), as reprinted in 1979 U.S.C.C.A.N. 805, 814 (adopting the Senate's version of Subsection F "with the intention that potentially excessive and abusive use of this exclusion be precluded by district or [C]ircuit guidelines, rules, or procedures relating to motions practice"). The defendants do not allege that the government has violated the local criminal rules, which expressly permit the early filing of pretrial motions. See LCrR 45.1(B)(6). Thus, it is the Court's view that so long as the positions advanced in the government's pretrial motions have a legitimate legal predicate—as they clearly do—then the Court cannot look behind the government's asserted good-faith basis for filing the motions to discern whether they were filed solely for the purpose of tolling the Speedy Trial Act. The Act, on its face, excludes all time between the filing of pretrial motions—including the pretrial motions filed in this case—and their "prompt disposition." 18 U.S.C. § 3161(h)(1)(F); see Wilson, 835 F.2d at 1443 (observing that it is "plainly correct" to exclude all pretrial motions from Speedy Trial Act calculations, even "motions that need not have been filed before trial"). And once both motions are ripe for determination, they will be resolved in a timely fashion consistent with both the Court's local rules and the Speedy Trial Act. Until then, the intervening period will be excluded from the Speedy Trial Act calculation.

Accordingly, the defendants' motion to dismiss their indictments pursuant to the Speedy Trial Act is DENIED.

**SO ORDERED** this 25th day of May, 2006.

_____
REGGIE B. WALTON
United States District Judge