## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v | : | CRIMINAL NO. 06-21 (RWR) |
| | : | |
| RALPH B. INGRAM, | : | |
| Defendant. | : | |

### GOVERNMENT'S SUPPLEMENTAL MOTION IN LIMINE SEEKING ADMISSION OF EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves in limine for admission of certain evidence pursuant to Federal Rule of Evidence 404(b). The government relies upon the supplemental points and authorities set out in this memorandum and at any hearing on this matter.

### Factual Background

The defendant, along with co-defendant Cinquan Blakney, has been charged in a four-count indictment with: Unlawful Possession with Intent to Distribute of 5 Grams or More of Cocaine Base (Crack) and Aiding and Abetting, Unlawful Possession with Intent to Distribute Cocaine and Aiding and Abetting, Unlawful Possession with Intent to Distribute Heroin and Aiding and Abetting, and Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense and Aiding and Abetting.

On January 26, 2006, at approximately 8:40 p.m., members of the F.B.I. SWAT team and members of the F.B.I./ Metropolitan Police Department Safe Streets Task Force executed a District Court search warrant at 2101 Ridgecrest Court, Southeast, Apartment #204, Washington, D.C. As law enforcement officers approached the residence, defendant Ralph Ingram was in front of the residence. Defendant Ingram observed the law enforcement officers, who were wearing visible

1

identification that they were law enforcement, approaching him and he ran inside Apartment #204. Law enforcement officers then chased defendant Ingram towards the apartment, wherein he closed the front door. Law enforcement officers then forced open the door.

Defendant Ingram and another individual, Tristan Sellers, were located in an upstairs bedroom. Co-defendant Cinquan Blakney and India Graves, the mother of Blakney's child, were located in the other second floor bedroom.

Law enforcement officers searched the residence and found the items below. Inside the bathtub of the second floor bathroom was a blue Glad ziplock bag. Inside the blue Glad ziplock bag was a clear plastic bag containing brown powder, and another clear ziplock bag which contained eighty-seven smaller ziplock bags of brown powder. The brown powder was field-tested and gave a positive reaction for containing opiates. In addition, another clear ziplock bag which contained a mixture of white rock-like substance and a white powder was found. The substances field-tested positive for cocaine, and weighed approximately 41.4 grams. Another clear plastic bag containing a white powder was recovered. The white powder was field tested and gave a positive reaction for cocaine. The bag and it's contents weighed approximately 68.5 grams.

Defendant Ingram had on his person seventy-two ziplock bags containing a brown powder which field tested positive for opiates. Located on the bathroom floor was a loaded UZI 9mm firearm. Also, inside the bedroom where defendant Ingram was located, was a loaded .40 caliber Smith & Wesson semi-automatic firearm. Law enforcement officers located white residue inside the kitchen microwave, and three scales on the kitchen counter. There was a white residue on top of the scales. Co-defendant Blakney had approximately $1,862.00 in U.S. Currency, and there was mail matter in co-defendant Blakney's name.

2

Both defendants and Tristan Sellers[1] were arrested and charged with Unlawful Possession with Intent to Distribute Cocaine Base and Using, Carry and Possessing a Firearm During a Drug Trafficking Offense.

## OTHER CRIMES AND BAD ACTS EVIDENCE

The government seeks to introduce evidence of the facts and circumstances surrounding the defendant's previous drug weapons related convictions and/or arrests. The defendant has the following prior convictions: Unlawful Possession with Intent to Distribute CDS, Attempted Robbery, and a Possession of PCP conviction. The government seeks to introduce this evidence under Federal Rule of Evidence 404(b), for the purpose of proving intent, knowledge, and absence of mistake.

### 2002 Drug Conviction

On July 29, 2001, at approximately 11:30 p.m., the defendant was seated in a green line metro train at the Suitland metro stop, located at 4500 Silver Hill Road, Suitland, Maryland. A Metro Transit police officer observed the defendant, while seated, holding and examining a clear plastic fuse box containing five clear ziplock bags with a white rock-like substance in them. The officer approached the defendant and the defendant discarded the fuse box containing the ziplocks with the white rock-like substance enclosed.

The defendant was detained, the fuse box was retrieved by the officer, and the white rock-like substance was field tested. The white rock-like substance tested positive for cocaine. The crack weighed approximately .5 grams. On February 15, 2002, the defendant pled guilty to possession of

---

[1]     Initially, Mr. Sellers was also charged, but his charges were dismissed on January 27, 2006.

crack and was sentenced to six months probation.

### 2002 Robbery Conviction

On August 1, 2002, at approximately 3:50 a.m., while the female victim was walking in the 2900 block of Pomeroy Road, S.E., Washington, D.C. the defendant, whom she had previously purchased drugs from, approached her. After a brief conversation about a drug debt the female victim owed the defendant, the female victim refused to provide the defendant with the money she owed him and tried to flee the area.

The defendant chased the female victim, apprehended her, and then struck her in the head with a bottle causing lacerations to her head,. The defendant also punched her several times, and then brandished a knife while demanding money. Thereafter, the defendant reached into the female victim's bra, and pulled out $25 in U.S. Currency. At some point during the altercation, the defendant cut the female victim in the hand area with the knife. The defendant fled the area and was subsequently arrested on October 16, 2002. On that day, the defendant admitted to police officers that he sold the female victim crack in the past.

On October 28, 2002, the defendant pled guilty to Attempted Robbery, in violation of 22 D.C. Code Section 2802. During the preparation of the presentence report, the defendant told the presentence report writer that the female victim owed him money he had loaned her to purchase drugs. The defendant said that he had previously sold drugs to the female victim. On January 13, 2003, the defendant was sentenced to two years imprisonment with execution of sentence suspended as to all but sixty days and placed on two years supervised release.[2]

---

[2] The defendant subsequently violated his conditions of supervised release and was resentenced to 200 days imprisonment with two years of probation.

## 2004 Drug Conviction

On December 10, 2003, at approximately 4:30 p.m., law enforcement officers observed a red Cadillac traveling westbound on Suitland Parkway in Washington, D.C. The officers were able to observe the driver and front seat passenger; both did not have on seatbelts. Officers initiated a motor vehicle stop, and a law enforcement computer check revealed the owner of the automobile was wanted for his involvement in a homicide.

The defendant was seated in the passenger seat. He was removed from the automobile and detained. The driver had a suspended driver's license and was arrested. Officers searched the vehicle and under the defendant's seat they found a loaded .40 caliber Glock firearm. The defendant was arrested and searched. Inside his jacket pocket was a glass bottle which was wrapped in a potato chip bag. The clear liquid tested positive for PCP.

On or about December 22, 2004, the defendant was indicted in a two-count indictment as follows: Count One, Unlawful Possession of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. Section 922(g)(1), and Count Two, Possession of PCP, in violation of 21 U.S.C. Section 844(a). On or about April 24, 2004, the defendant pled guilty to Count Two. On or about August 12, 2004, the defendant was sentenced to six months imprisonment, with one year of supervised release to follow the completion of his term of imprisonment.

## Legal Analysis and Argument

Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. See United States v. Bowie, 232 F.3d 923, 926, 930 (D.C. Cir. 2000). Importantly, this rule is one of "inclusion rather than exclusion." Id. at 929.

As the Court of Appeals has noted en banc, while the first sentence of the rule is framed restrictively, the rule is actually quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character.  United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998).  In short, Rule 404(b) bars "not evidence as such, but a theory of admissibility."  Id. at 1202.  As the Court stated in United States v. Cassell, 292 F.3d 788, 791 (D.C. Cir. 2002) (citing United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible.  To reiterate what we have stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'"

Such evidence is of course subject like all evidence to the strictures of Rule 403.  Thus, the admissibility of "other crimes" evidence rests on a two-step inquiry: 1) whether the other crimes evidence is relevant to an issue other than the defendant's character or propensity, and if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice.  United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984).

As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" -- even when other crimes evidence is involved.  Moore, 732 F.2d at 989.  See Huddleston v. United States, 485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that

restrictions would not be placed on the admission of such evidence").[3]

As the Court of Appeals noted in <u>Cassell</u>, "[w]e have previously held that 'in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged.'"  <u>Id</u>. at 793 (citation omitted).  In the instant case, among other things, the government must prove that the defendant constructively possessed the drugs inside the apartment, with the intent to distribute it.  The "other crimes" evidence of defendant's previous possession of drugs, with the intent to distribute it, is highly probative of the defendant's knowing and intentional possession of the heroin and cocaine in this case.  It also shows that the defendant's possession of the drugs was not the result of mistake or accident.  As the Court of Appeals observed <u>en banc</u>, "[a] defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion.  But it can show that he knew how to get drugs, what they looked like, where to sell them, and so forth.  Evidence of a defendant's experience in dealing drugs -- evidence, that is, of his 'bad acts' -- thus may be a 'brick' in the 'wall' of evidence needed to prove possession." <u>Crowder</u>, 141 F.3d at 1209, n.5 (<u>en banc</u>).

Because of the highly probative nature of such Rule 404(b) evidence in the context of drug

---

[3] As for the burden that must be met in presenting other crimes evidence, the Court is <u>not</u> required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court <u>neither</u> weighs credibility <u>nor</u> makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." <u>Huddleston</u>, 485 U.S. t 690 (emphasis added).  Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." <u>Id</u>. at 690. And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct.  <u>Ibid</u>.

cases, the courts have generally not hesitated to admit such evidence for the purposes sought here. See, e.g., United States v. Burch, 156 F.3d 1315, 1323-24 (D.C. Cir. 1998) (evidence of defendant's prior arrest and conviction for PWID crack cocaine was properly admitted under Rule 404(b) to show defendant's knowledge and intent in prosecution for possession with intent to distribute crack cocaine); Crowder, 141 F.3d at 1208-09 (noting that defendant's subsequent purchase of cocaine was permissible under Rule 404(b) for multiple purposes, including motive, intent, possession, and knowledge) (en banc); United States v. Johnson, 40 F.3d 436, 441 n.3 (D.C. Cir. 1994) (prior drug transaction properly admitted under Rule 404(b)).  The significant probative value of the evidence here is clearly not outweighed by the danger of unfair prejudice in this case.  Whatever prejudice the defendant may perceive, moreover, can adequately be addressed through the use of a limiting instruction to the jury.

The government also seeks to introduce the defendant's prior unlawful weapon offense, which was part of his December 10, 2003 drug conviction.  Numerous cases establish that evidence of a prior or subsequent possession of a firearm is admissible as 404(b) evidence.  This Circuit has not hesitated to permit the introduction of the possession of another firearm as 404(b) evidence in a firearm case.  In United States v. Brown, 16 F.3d 423 (D.C. Cir. 1994), the defendant had been charged with six drug charges and two firearms charges.  In addressing the issue of joinder raised by the defendant on appeal, the Court also addressed the issue of cross-admissibility of evidence pursuant to Fed. R. Evid. 401, 402, 403, and 404(b).  In that case, the police executed a search warrant at the home of the co-defendant and recovered drugs and guns in a safe.  When arrested three months later, defendant Brown was carrying a pistol and pager.  In affirming defendant Brown's conviction, the court held that the pager and gun found on the defendant when he was

arrested would have been admissible as 404(b) evidence had he been tried only on the gun and drug

charges arising from the search warrant.  Id. at 430-31.

Specifically, the Court found that the gun recovered during the arrest was cross-admissible

under 404(b) "because it was relevant to show intent, knowledge or absence of mistake with respect

to the firearms found in the safe during the November Search."  Id. at 431.  The Court next found

that the evidence was more probative than prejudicial because the gun found during the arrest "tends

to make it less probable that the pistols found in the safe during the November Search were there

by mistake or without intent."  Id. at 432; see also United States v. Toms, 136 F.3d 176, 183-84 &

nn. 11-12 (D.C. Cir. 1998) (in constructive possession case, evidence of prior drug activities as well

as prior possession of a firearm was admissible to show intent, motive, knowledge, and/or absence

of mistake with respect to the instant firearm).

Several decisions from other circuits have similarly held that possession of a firearm on one

occasion is probative of possession on an earlier or later occasion.  See United States v. Mills, 29

F.3d 545, 548-49 (10th Cir. 1994) (in Section 922(g)(1) prosecution, evidence of prior possession

of firearm properly admitted over Rule 403 objection as proof of knowing possession); United States

v. Brown, 961 F.2d 1039, 1042 (2d Cir. 1992) (in prosecution for possession of unregistered

machine gun, evidence of defendant's subsequent possession of handguns properly admitted over

Rule 403 objection as proof of defendant's "knowledge, and absence of mistake or accident");

United States v. Gomez, 927 F.2d 1530, 1553-54 (11th Cir. 1991) (evidence of prior gun possession

properly admitted over Rule 403 objection to prove, inter alia, absence of "accident or

coincidence"); United States v. Williams, 895 F.2d 1202, 1204-06 (8th Cir. 1990) (in trial for

carrying a firearm in connection with a drug trafficking crime, evidence of prior gun possession

properly admitted over Rule 403 objection because prior possession was probative of knowledge). Evidence of the defendant's prior possession of a firearm and ammunition should be admitted, therefore, to prove that the defendant's possession was knowing and intentional, as well as to show absence of mistake or accident. See also United States v. Teague, 737 F.2d 378, 381 (4th Cir. 1984).

Evidence of the prior possession of a firearm by the defendant is admissible pursuant to Rule 404(b) of the Federal Rules of Evidence in a felon-in-possession case brought under 18 U.S.C. Section 922(g), even if the defendant agrees to stipulate that he was previously convicted of a crime punishable by imprisonment for more than one year. In Old Chief v. United States, 519 U.S. 172 (1997), the Supreme Court held that when a defendant in a felon-in-possession case offers to stipulate to his status as a felon, "evidence of the name or nature of the prior offense generally carries the risk of unfair prejudice." Id. at 185. Where such a risk substantially outweighs the probative value of the details of the prior conviction, it is an abuse of discretion not to accept an admission in a stipulation. Id. at 190-91. This normally applies, however, "only when the record of conviction would not be admissible for any purpose beyond proving status." Id. at 190. It does not apply if there is another "justification for receiving evidence of the nature of the prior acts on some issue other than status (i.e., to prove 'motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident')," such as under Rule 404(b) of the Federal Rules of Evidence. Id. (quoting F.R.Evid. 404(b)). In such a case Rule 404(b) would "guarantee[] the opportunity to seek its admission. Id. In the present case, the defendant's prior convictions are admissible for purposes beyond proving status, and Rule 404(b) of the Federal Rules of Evidence justifies the admission of evidence of the prior firearm possession.

WHEREFORE, for the reasons stated above, the United States respectfully submits that the

government's motion to admit "other crimes" evidence be granted.

Respectfully submitted,

KENNETH L. WAINSTEIN.
United States Attorney
Bar No. 451058

_____

Anthony Scarpelli
George Eliopoulos
Assistant United States Attorneys
Narcotics Section, D.C. No. 474711
555 4th Street, N.W.  #4816
Washington, DC 20530
Phone: 353-1679

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Government's Motion To Admit Evidence Pursuant to Federal Rule of Evidence 404(b), to be served by Electronic Case Filing upon the attorney for the defendant Ralph B. Ingram, William Garber, Esquire, this ____th day of July, 2006.

_____

Anthony Scarpelli
Assistant United States Attorney

11