**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**,     :           **Criminal No. 06-21 (RBW)**
                                 :
                                 :           **UNDER SEAL**
                                 :
         **v.**                  :
                                 :
                                 :
                                 :
**CINQUAN BLAKNEY, et al.**        :

**GOVERNMENT'S MOTION FOR EXCLUSION**
**OF TIME UNDER THE SPEEDY TRIAL ACT**

       The United States, by and through its attorney, the United States Attorney for the

District of Columbia, hereby respectfully moves this Court to exclude 180 days from the

calculation of time before which this matter must be brought to trial under the Speedy Trial

Act, pursuant to 18 U.S.C. §3161(h)(8)(A). As grounds for this motion, the Government

states as follows:

I.  Factual Background

       The indictment in this matter is the result of a long-term FBI investigation of drug

activity in Washington, D.C., Virginia, Maryland, and other jurisdictions.  The eight (8)

defendants in this matter are charged in a 115-count indictment which alleges a broad-

ranging drug conspiracy.  Specifically, Count One of the indictment charges that the

defendants, from on or about at least 2002 and continuing up to and including January 2006,

-1-

conspired to distribute and possess with intent to distribute 5 kilograms or more of a mixture and substance containing cocaine, 1 kilogram or more of a mixture and substance containing heroin, 1 kilogram or more of a mixture and substance containing PCP, 50 grams or more of a mixture and substance containing cocaine base, also known as crack cocaine, and marijuana. Counts Two through One Hundred Fifteen charge various substantive offenses involving narcotics, weapons, and obstruction of justice. The grand jury investigation from which the instant indictment stems is continuing.

As of the filing of this motion, seven (7) of the defendants charged in the instant indictment have been arrested. The defendants in custody were apprehended at different places and times. The remaining defendant has not yet been brought before the court for arraignment. He remains at large. The investigating agents have received, and continue to receive, information about the whereabouts of this defendant, and they hope to apprehend him in the near future. Agents from the FBI are working diligently to locate him for prosecution.[1]

---

[1]     We provide this information about the "at-large" defendant who has not yet been brought before this Court because his absence prevents the Speedy Trial period for all of the remaining defendants from commencing. 18 U.S.C. § 3161(h)(7) provides for the exclusion of a "reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." That provision has been interpreted by the Supreme Court to mean "all defendants who are joined for trial generally fall within the speedy trial computation of the latest co-defendant." Henderson v. United States, 476 U.S. 321, 323 n. 2 (1986); see also United States v. Calle, 120 F.3d 43, 46 (5th Cir. 1997) ("in a multi-defendant prosecution . . . the Speedy Trial clock begins to run when the last co-defendant makes his initial appearance in court"), cert. denied, 118 S. Ct. 1202 (1998); United States v. Dota, 33 F.3d 1179, 1183 (9th Cir. 1994) ("generally the clock begins to run when the last co-defendant appears in court"), cert. denied, 514 U.S. 1052 (1995); United States v. Davenport, 935 F.2d 1223, 1229-1230 (11th Cir. 1991) ("the speedy trial clock did not

The evidence supporting the indictment was developed and gathered through various means. A significant amount of evidence was obtained pursuant to court-authorized Title III wiretaps in which numerous telephone conversations were intercepted and recorded.  Phone calls were intercepted on three different telephones over a period of several months. Monitoring agents recorded approximately 30,000 interceptions from these three lines.[2] The intercepted conversations provide strong evidence of the co-conspirators' involvement in narcotics trafficking in the metropolitan Washington, D.C. area and elsewhere.  Those relevant interceptions will need to be transcribed so that counsel may review the evidence and prepare for trial and present relevant conversations as evidence before a jury in this district.  We anticipate the need to transcribe hundreds of conversations.

In addition to the wiretap evidence, the investigation involved numerous consensually recorded telephone calls and meetings and controlled purchases from several of the co-conspirators. There were approximately ten controlled purchases made by law enforcement during the investigation of these defendants.  They were accomplished with the assistance of confidential informants as well as law enforcement agents.  Both audio and video surveillance techniques were utilized at various times to record these transactions.  The government is in the process of preparing transcripts of these conversations.  Law enforcement officers also executed approximately 15 separate search warrants and as a result, seized weapons (including AK-47 assault rifles, an Uzi,

---

begin to run until August 31, 1998, because all of appellant's co-defendants had not been apprehended").

[2]       Because of a glitch in the monitoring system during part of the interception period, some of these interceptions represent duplicate activations.

several hand guns), narcotics, narcotics trafficking paraphernalia, hundreds of pages of documents, and a large amount of U.S. currency.

Given the voluminous nature of the evidence on which the indictment in this case is based, discovery in this matter has been, and will continue to be, protracted and time-consuming. Defense counsel have begun to seek access to the intercepted conversations. The government is in the process of producing copies of intercepted conversations, videotapes and audiotapes. These conversations are also in the process of being transcribed. This alone could conceivably take months. Additionally, we are producing the video and audio tape evidence for each of the controlled purchases of narcotics.

The United States has begun the process of gathering and duplicating all of the search warrant paperwork and arrest reports. The United States has already assembled vast amounts of discovery material. FBI agents have begun the testing, tracing, and analysis of the firearms and narcotics seized, as well as the examination of any fingerprint evidence. As these reports are completed they will be made available to defense counsel.

## II.  Argument

**The large number of defendants, voluminous discovery material, and overall complexity of this case justifies a 180-day exclusion from the statutory period in which this case must be tried under the Speedy Trial Act.**

When all defendants are in custody and the speedy trial clock does begin to run, this Court should exclude a period of 180 days from the speedy trial calculation because of the complexity of this case. The large number of defendants, the number of separately charged incidents and the nature of the evidence supporting the charges in the instant indictment make this case complex and justifies an exclusion of time under 18 U.S.C. § 3161(h)(8)(A).

Title 18, United States Code, Section 3161(h)(8)(A) allows the court to exclude a period of delay from the Speedy Trial Act calculation if the Court finds, "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Section 3161(h)(8)(B) sets forth the factors the Court may consider when determining whether to exclude time pursuant to Section 3161(h)(8)(A).  Where the Court finds that the case is, "so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established," the Court may exclude such time as necessary to serve the ends of justice.  18 U.S.C. §§3161(h)(8)(A) and 3161(h)(B)(ii)(iv).

Applying the factors set forth in Section 3161(h)(8)(B), courts have routinely excluded reasonable periods of time in cases similar in scale and complexity to the instant case.  The presence of multiple defendants in a charged conspiracy case has been frequently cited as the basis for exclusion of time, particularly if the case involves a series of separate overt acts and numerous defendants. See United States v. Butz, 982 F.2d 1378, 1381 (9th Cir. 1993) (upholding trial judge's exclusion of time under Section 3161 (h)(8)(A) because case charging 9 co-defendant conspiracy in a 29-count indictment was sufficiently "complex"), cert. denied, 510 U.S. 891 (1994); United States v. Ditommaso, 817 F.2d 201, 210 (2d Cir. 1987) ("we agree that this multi-defendant, international drug smuggling and money-laundering case was sufficiently complex to warrant excludable time"); United States v. Fogarty, 692 F.2d 542, 546 (8th Cir. 1982) ("the complexity of the case, involving seven co-defendants and multiple overt acts occurring in seven states, outweighed the interests of the individual defendants" and justified exclusion of time under §

3161(h)(8)(A), cert. denied, 460 U.S. 1040 (1983); United States v. Ambrosio, 898 F. Supp. 177,

192 (S.D.N.Y. 1995) (ends of justice exclusion justified by complexity of case, where indictment

charged 17 defendants with large-scale drug conspiracy).

       Courts also look to the nature of the evidence in an assertedly "complex" case in adjudicating

requests to apply the "interest of justice" provision of the Speedy Trial Act.  Findings of complexity

and resulting exclusions of time have been based on the presence of a large amount of evidence

gathered by means of court-authorized wiretaps.  Production and review of wiretap evidence often

takes a substantial amount of time, justifying the exclusion of such time from the Speedy Trial Act

calculation.  See United States v. Gambino, 59 F.3d 353, 358 (2d Cir. 1995) (trial court excluded

time under § 3161(h)(8)(A) because case involved "hundreds of hours of video and audio tape

recordings tracking the structure of the criminal activities of the Gambino organization"), cert.

denied, 517 U.S. 1187 (1996); Butz, supra, 982 F.2d at 1381 (exclusion of time justified in part

because evidence of charged drug conspiracy was in form of "hundreds of hours" of conversations

intercepted pursuant to a Title III wiretap); Ditommaso, supra, 817 F.2d at 210 (case involving

"hundreds of reels of [audio]tapes" found sufficiently complex to justify exclusion of time under

§3161 (h)(8)(A)).  Courts have also recognized that the necessity of gathering and producing a large

amount of documents increases the complexity of a case and can alternately justify exclusion of time

under the Speedy Trial Act.  See United States v. Beech Nut Nutrition Corporation, 871 F.2d 1181,

1197-1198 (2d Cir.) (case in which government made available to defendants approximately 30,000

documents was "complex within the meaning of the Speedy Trial Act"), cert. denied, 493 U.S. 933

(1989).

       The instant case is at least as "complex" as those described above in which courts have

excluded time under Section 3161 (h)(8)(A). This indictment currently charges eight defendants in a large scale narcotics conspiracy. Without more, the sheer number of defendants charged in a 115-count indictment and numerous separately charged incidents in an investigation involving thousands of intercepted telephone calls justifies this Court's exclusion of time from the Speedy Trial Act calculation. The number of individual defendants and separate counts will prompt the production of hundreds, if not, thousands of pages of documents to each of the co-conspirators, material that will take time to gather, distribute, and to review. Much of that evidence takes the form of recorded conversations intercepted pursuant to three Title III wiretaps. All of that material will need to be reviewed by each defense attorney. That review will undoubtedly prompt the defendants to prepare and file numerous pretrial motions. The sheer volume of evidence in this case makes it complex and, according the above-cited authority and an application of the plain language of the Speedy Trial statute, compels an exclusion of time.

The 180-day exclusion requested in this motion will serve both the United States and the defendants and insure that this significant, complicated case is thoroughly prepared for trial. The government needs extra time to prepare a vast amount of material for trial presentation, taking steps such as preparing transcripts of the pertinent intercepted conversations. Moreover, the additional time will facilitate dispositions short of trial. It is reasonable to believe based upon the seriousness of the charges involved here, the potential sentences involved and experience in similar cases in this district that some number of the defendants will express interest in entering guilty pleas and cooperating with the government. The debriefing of those interested individuals and negotiating dispositions of their cases is extremely time-consuming. Information provided by those individuals may very well lead to additional charges against remaining co-conspirators and possibly others not

yet arrested as well as increase the amount of drugs traceable to this conspiracy and resultant increases in the potential sentences. The United States expects that the evolution of the debriefing process and the cooperation of those interested co-conspirators will significantly reduce the number of defendants who will ultimately remain when this case approaches trial.

WHEREFORE, for the foregoing reasons, the United States respectfully requests that this Court enter an Order excluding from computation under the Speedy Trial Act a period of 180 days, commencing when the last remaining defendant is brought before this Court.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar No.: 498-6108


By:    _____
GEORGE P. ELIOPOULOS
Assistant United States Attorney
Organized Crime & Narcotics
Trafficking Section
D.C. Bar No.: 390-601
555 4th Street, N.W.
Washington, DC 20530
(202) 514-7294

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the <u>5TH</u> day of October, 2006, a copy of the foregoing Motion for Exclusion of Time Under the Speedy Trial Act was served, via first class mail, upon counsel for each of the defendants as listed below:

Louis J. Martucci, Esq.                    William Garber, Esq.
14452 Old Mill Road.                       717 D Street, N.W.
Suite # 201                                Suite # 400
Upper Marlboro, MD 20772                   Washington, D.C. 20004


Jenson Barber, Esq.                        Joseph Beshouri, Esq.
400 7th Street, N.W.                       419 7th Street, N..W., # 201
Suite #400                                 Washington, D.C.   20004
Washington, D.C.   20004


Joseph Conte, Esq.                         Pleasant Brodnzx, Esq.
400 7th Street, Suite 400                  1700 Pennsylvania Avenue, N.W.
Washington, D.C.   20004                   Suite 400.
                                           Washington, D.C. 20006


Stephen Brennwald, Esq.
922 Pennsylvania Avenue, S.E.
Washington, D.C. 20003




                                        _____
                                        GEORGE P. ELIOPOULOS
                                        Assistant United States Attorney