UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA    :

    v.    :    Criminal No. 06-21-02 (RBW)

RALPH INGRAM    :

MOTION TO DISMISS FIREARMS COUNTS OF THE
INDICTMENT

Defendant, Ralph Ingram, by an through his attorney, moves the Court to dismiss Counts Sixteen (16), Seventeen (17), Eighteen (18), Nineteen (19), Twenty (20) and Twenty-one (21) of the Indictment of the Indictment – all of which charge firearms offenses – on multiplicity grounds The reasons are as follows:

Factual Background

1. Defendant, Ralph Ingram, is charged in separate counts of the Indictment with violations of 18 U.S.C. 922(g)(1) – Unlawful Possession of a Firearm by a Convicted Felon – being Counts Sixteen and Seventeen – and violations of 18 U.S.C. 924©(1) – Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense – being Counts Eighteen, Nineteen, Twenty and Twenty-one.  All six of the charged offenses are alleged to have been committed on or about January 26, 2006.  Two firearms

1

are charged to wit: an Uzi 9mm gun (Counts 16, 18, & 19), and a .40 cal. Smith & Wesson semi automatic handgun (Counts 17, 20, & 21).

2. It appears that the government alleges that the two firearms described in the Indictment were seized during the execution of a search warrant for premises 2101 Ridgecrest Court, S.E. Apt. 204, Washington, D.C. on January 26, 2006; that being so, the firearms were allegedly seized on the same date from the same location.

3. Defendant contends that the firearms counts of the indictment are multiplicitous, in that a single violation is charged in multiple counts for the reasons stated below.

### Argument

4. The pertinent portions of 18 U.S.C. 922(g)(1) provide:

It shall be unlawful for any person- (1) who has been convicted in any court of, an offense punishable by imprisonment for a term exceeding one year:
  *    *    *    *
. . . .to possess in or affecting commerce <u>any</u> firearm or ammunition which has been shipped or transported in interstate or foreign commerce. (underlying added).

5. Counts Sixteen and Seventeen of the Indictment charge the possession of two firearms on a single date and time as separate offenses. They do not allege possession on different dates and locations, but allege and charge the possession on the same date. The factual allegations as

2

recited by the government in the reports of law enforcement officers would reflect recovery of the firearms from the same location on the same date. Likewise, the reports would reflect that the cocaine base, cocaine and heroin as charged in Counts 11, 12, and 13 were allegedly seized on the same date and from the same location as the two firearms, and as charged, related to the Conspiracy in Count One.

      6. The Supreme Court of the United States in a case involving the Mann Act- prohibiting the interstate transportation of "any woman" for immoral purposes – held that the transportation of two women on the same trip in the same vehicle prohibited prosecution of two counts and consecutive sentences, and that such transportation constituted a single offense. That "if Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses. . ."*Bell v. United States,* 349 U.S. 81, 75 S.Ct.620, 99 L.Ed 905 (1955).

      7. The Indictment in this case, as to defendant, Ralph Ingram, makes the identical charge in each Count (16, 17) that on January 26, 2006, having been convicted of the identical crime described in each Count, did receive and possess a described firearm and ammunition. The Indictment does not charge that each firearm was stored or acquired at different times and places.

Therefore, "only one offense is charged for possession of firearms by a felon, regardless of the number of firearms involved, absent a showing that the firearms were stored or acquired at different times and places." *United States v. Szalkiewicz,* 944 F.2d 653 (9th Cir 1991)

    8. Counts 18, 19, 20, and 21, charge Defendant, Ralph Ingram and co-defendants, Cinquan Blakney, India Graves and Tristan Sellers, jointly with the l8 U.S. C. 924 (c)(1) violations. Each charge is alleged to have occurred on January 26, 2006. Counts 18 and 20, charge the Uzi 9mm and the .40 cal. S&W as related to Count 1 – Conspiracy and Counts 19 and 21 charge the same firearms as related to Counts 11, 12, & 13.- Unlawful Possession with Intent to Distribute cocaine base, cocaine and heroin. As stated above, it appears that the government alleges that the firearms were seized on January 26, 2006 during the execution of the search warrant for 2101 Ridgecrest Court, Apt. 204, Washington, D.C.

    9. Count One of the Indictment charges all Defendants with a Conspiracy under 21 U.S.C. 846, among other things, to unlawfully distribute and possess with intent to distribute cocaine, cocaine base and heroin. Counts 11, 12, & 13, charge the substantive offenses of PWID cocaine base, cocaine and heroin – all on January 26, 2006.

10. Defendant, Ralph Ingram, contends that the four 18 U.S.C. 924(c)(1) Counts are multiplicitous in that the same 924(c)(1) offense is charged in the four counts

11. In the case of *United States v Johnson,* 25 F.3d 1335 (6th Cir. En banc 1994) during the execution of a search warrant at defendant's residence, two firearms and two different types of controlled substances were found.. Defendant was indicted for PWID of each of the controlled substances and a separate 924)c)(1) count for each of the PWID counts. On these Counts he received consecutive sentences. The majority of the en banc Court, applying the rule of lenity and *Church of the Holy Trinity v. United States*, 143 U.S. 457, 459, 12 S.Ct. 511,512, 36 L. Ed. 226 (1892) held "the laws must have a sensible construction. In this case, a sensible construction dictates that possession of one or more firearms in conjunction with predicate offenses involving simultaneous possession of different controlled substances should constitute only one offense under & 924 (c )(1), and the sentences under 924 (c )(1) should be for one offense only."

12. *United States v. Anderson,* 59 F.3d 1323 (D.C. Cir. En banc 1995), involved four convictions under 18 U.S.C. 924(c) (1). Two of the charges involved separate firearms seized at separate locations on separate dates. Two involved simultaneous possession of weapons at two different

locations. The majority of the en banc panel held that only one 924(c)(1) violation may be charged in relation to one predicate crime. (Id 1334). In that case, the four convictions were tied to the narcotics conspiracy. After a detailed analysis of the statute, legislative history, and decisions from other Circuits, the majority concluded 'that at a very minimum &924(c)(1) is ambiguous. The rule of lenity must, therefore, govern application of the statute.' (id at 1333).

13. Defendant contends that the government has charged the 924 c)(1) offenses in such a manner that a single offense is charged in four separate counts, permitting multiple convictions. As was held in *United States v. Cappas*, 29 F.3d 1187, 1189 (7th Cir. 1994). ". . .the use of multiple guns in a single drug conspiracy will not support multiple convictions under &924(c)." cited in *United States v. Anderson*, supra at 1328.

14. As the crime of Conspiracy charged in Count One of this case, embraces as its objects the possession and distribution of cocaine base, cocaine, and heroin, and that the two firearms charged in this case are alleged to have been related to the Conspiracy and its objects at the same location and on the same date, only one &924(c) charge is permissible. *United States v. Johnson*, supra.

WHEREFORE, Defendant prays that this motion be granted., and that only one 922(g) charge and only one 924(c )(1) charge is permissible and the present firearms charges in the Indictment be dismissed as multiplicitous.

_____
WILLIAM J. GARBER #42887
717 D Street, N.W. Suite 400
Washington, D.C. 20004-2817
(202) 638-4667
Attorney for Defendant Ralph Ingram

This motion was served by the filing in the electronic filing system in the United States District Court for the District of Columbia, October 5, 2007.

_____
William J. Garber