UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA      :

       v.                     :       Criminal No. 06-21=02 (RBW)

RALPH INGRAM                  :

SUPPLEMENT TO MOTION TO SUPPRESS
EVIDENCE

Defendant, Ralph Ingram, by and through his attorney, supplements the Motion to Suppress Evidence, previously filed in this case in the following particulars

1. After the arrest of the Defendant on January 26, 2006. he was taken to the field office of the Federal Bureau of Investigation. A search warrant, issued by a Magistrate Judge of this Court on January 26, 2006 (#06-032M-01) had been executed at premises 2101 Ridgecrest Court, Apt. 204,, S.E. Washington, D.C. at about 8:00 p.m. on the evening of the same date. Defendant was arrested during the execution of that search warrant as discussed in the Motion to Suppress filed in this case. Defendant was taken directly from the premises searched to the FBI field office. There was no break in the chain of his custody from place of arrest to place where interrogation took place.

1

2. The government contends that the Defendant gave an oral statement while in the custody of the F.B.I. following his arrest. The government also contends that Defendant was advised and waived his *Miranda* rights and that the statement was pursuant to a warning and waiver of those rights.

3. An "Advice of Rights Form" was provided in discovery and indicates on the written form, two time periods. The first time period at the top of the form indicates a time of 11:11 pm at Washington, D.C. and at the bottom of the form – a time of 11:16 pm under a Witness signature. Discovery provided to Counsel includes what appears to be a synopsis of the alleged oral statement, but contains no time when the statement was actually given.

4. Discovery provided included what were described as "some of the statements" made to law enforcement officers, but contain no time as to when the statement was made.

5. The Criminal Complaint in No. 06-031M contains no summary of any alleged statement by Defendant.

6. The Statement of Facts on the MPD Form 163 for Defendant contains no summary of any statement.

7. During the Detention Hearing conducted on January 31, 2006, before Magistrate Judge Robinson, Government Counsel proffered that

Defendant made a statement "where he admitted to possessing the Ziplock bags that were found on his possession containing the crack cocaine." (Tr. Det. Hrg. 1-31-06, pg. 11).

    8. An FBI Form 302, has not as yet been provided, which may contain the circumstances of any alleged statement.

    9. Defendant was arrested after law enforcement entered the premises. He was searched and it is contended by law enforcement that ziplocks containing brown powder were found inside a pants pocket. There is nothing to indicate that a weapon was seized from his person at the time of the search. There is nothing to indicate that in addition to the search warrant than an arrest warrant had been issued for Defendant. Discovery provided contains no copy of any arrest warrant. Law enforcement contends that the search warrant in this case was executed about 2040 hours on January 26, 2006

    10. It appears from reports prepared by law enforcement, that the officers contend that Defendant was outside the premises at the time of their arrival . They contend that Defendant ran into the premises to the apartment; that law enforcement gave chase and breached the apartment door. They contend that Defendant was found inside a child's bedroom. It is also contended by the government that items of substances were found in a

3

bathroom, as well as an UZI 9mm firearm. They contend that a .40 calibre S&W handgun was found between the mattress and box spring of a bed in the child's bedroom. It is contended that the Defendant was searched and ziplock bags were found in his pants pocket.

11. As stated above, Defendant has not been advised that any arrest warrant had been issued for the Defendant, Ralph Ingram, at the time of his seizure and arrest on January 26, 2006.

## Discussion.

12. The Supreme Court in *United States v. Dickerson*, 530 U.S. 428, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000), held that *Miranda v. Arizona,* 384 U.S. 436,  86 S.Ct  1602, 16 L.Ed. 2d  694 (1966). announced a constitutional rule which may not be superseded legislatively. Further, that the Court would continue to exclude confessions that were obtained involuntarily,  The admission into evidence of any statement given during custodial interrogation must be preceded by the four warnings set forth in *Miranda.*  In this case, if the statement was elicited before any warning and waiver, the evidence must be suppressed as it was obtained in violation of *Miranda.*  Voluntariness is always an issue. An evidentiary hearing is required.

13. However, police officers violate the Fourth Amendment when, without probable cause, they seize a defendant and transport him to a police station for interrogation . ". . . although a confession after proper *Miranda* warnings may be found 'voluntary' for purposes of the Fifth Amendment, this type of 'voluntariness' is merely a 'threshold requirement' for Fourth Amendment analysis. . ." *Dunaway v. New York*, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979). As argued in the Motion to Suppress previously filed, *Brown v. Illinois,* 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 705 (1975). and reiterated here in detail; there is no per se rule that *Miranda* warnings in and of themselves suffice to cure a Fourth Amendment violation. In order to use such statements the prosecution must show not only that the statements meet the Fifth Amendment standard, but also 'that the casual connection between the statements and the illegal arrest is broken sufficiently to purge the primary taint of the illegal arrest in light of the distinct policies and interests of the Fourth Amendment." *Dunaway, supra* 442 U.S. 205. The chain in this case was not broken.

14. Defendant contends that his arrest and search inside the Ridgecrest Court apartment were in violation of his Fourth Amendment rights. Although there was a search warrant for the Ridgecrest Court Apartment 204, there was nothing within the four corners of the Affidavit to

link the Defendant, Ralph Ingram, with that apartment.  The twenty-three page Affidavit provided in discovery, only mentions a Ralph Ingram once, in connection with an alleged telephone call from an unknown subscriber's number on December 9, 2005 to Blakney's cellular telephone. (Aff. Pg. 17, paragraph 33).  The alleged meaning of the phone call is strictly supposition, including how a voice identification was made.  The Affidavit is totally devoid of any assertions linking Ralph Ingram to the premises.

    15.  Although law enforcement had a warrant to search the apartment, whose probable cause is an issue, it is also true that ". . .a person's mere propinquity to others independantly suspected of criminal activity does not, without more, give rise to probable cause to search that person. *Sibron v. New York,* 392 U.S. 40, 62-63,  68 S.Ct. 1889, 1902, 20 L.Ed.2d 917. Where the standard is probable cause, a search or seizure of a person must be supported by probable cause particularized with respect to that person. This requirement cannot be undercut or avoided by simply pointing to the fact that coincidentally there exists probable cause to search or seize another or to search the premises where the person may happen to be.  The Fourth. …Amendment protects the 'legitimate expectations of privacy' of persons, not places.. . ." *Ybarra v. Illinois,* 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed 2d 238 (1979).

16. When law enforcement officers arrived at the premises in question and alleged that they saw the Defendant, Ralph Ingram, in front of the building, they had no information as to when he had arrived at the building or whether he had been inside prior to their arrival. It was all pure speculation. There was nothing but mere suspicion that Defendant was there for any unlawful purpose, or that he had any knowledge of what may have been in the bathroom, the kitchen or between the mattress and box spring of the bed. It appears from a reading of the material so far given in discovery, that Defendant was seized, searched an arrested when the officers entered the apartment.

17. Counsel is mindful of the Supreme Court's decision in *Michigan v.Summers*, 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed 2d 340 (1981) wherein the Court held ". . .Thus, for Fourth Amendment purposes, we hold that a warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted." The Court noted that: "Our appraisal of the validity of the search of respondent's person therefore depends upon a determination whether the officers had the authority to require him to re-enter the house and to remain there while they conducted their search." The person in question was the owner of the house, who was arrested when

contraband was found. The Court recognized its previous decisions in *Ybarra, supra and Dunaway, supra..* In the case of Defendant, Ralph Ingram, he was not the owner or occupant of the premises; he contends there was no brief detention of him while a search of the premises was conducted – there was a seizure, search and arrest.

18. Any determination that the search warrant was valid only would justify a search of the premises. Defendant has attacked the validity of the search warrant in the Motion To Suppress Evidence previously filed. Alternatively, the validity of the search warrant does not justify Defendant's seizure, search and arrest as argued herein. "The search warrant and its supporting affidavit are directed only to 'premises'. . .'searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment" *United States v. Sporleder*, 635 F.2d 809 (10th Cir. 1980).

Conclusion

Wherefore, for all of the reasons and arguments herein, Defendant, Ralph Ingram, contends that any statements allegedly obtained from him following his seizure, search and arrest in this case be suppressed because they were obtained in violation of his Fifth Amendment rights. An evidentiary hearing is required to determine when any statement was

allegedly obtained in relation to when *Miranda* warnings wee given and on the issue of voluntariness.

Further, Defendant contends that his arrest, search and seizure was without probable cause and that his Fourth Amendment rights wee violated for all of the reasons above stated and on the authorities cited and argued above.

This motion should be granted.

_____
WILLIAM J. GARBER #42887
717 D Street, N.W. Suite 400
Washington, D.c. 20004-2817
(202) 638-4667
Attorney for Defendant

Certificate of Service

This motion was served on counsel through the electronic case filing system of the United States District Court for the District of Columbia, this 25th day of October, 20007.

_____
William J. Garber

9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA       :

      v.                              :       Criminal No. 06-21-02 (RBW)

RALPH INGRAM                    :

ORDER GRANTING MOTION TO SUPPRESS

Upon consideration of the motion of the Defendant, Ralph Ingram, to suppress statements and the seizure of evidence from his person at the time of his arrest on January 26, 2006, and th matters and things considered

It is by the Court, this         day of                           2008

ORDERED: that the motion, be and the same is hereby granted and that any and all statements allegedly obtained and all evidence seized from him at the time of his arrest on January 26, 2006, be and the same are hereby suppressed as evidence against him in any criminal proceeding.

                                              _____
                                              REGGIE B. WALTON
                                                United States District Judge