UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA :

        v.         : Criminal No. 06-21-02 (RBW)

RALPH BERNARD INGRAM  :

## RENEWED MOTION TO DISMISS INDICTMENTS
## ON SPEEDY TRIAL GROUNDS

Defendant, Ralph Bernard Ingram, by and through his attorney, renews his motion to dismiss - in this case - the two pending Indictments, on grounds that his right to a speedy trial has been violated by circumstances which have cumulated since his previous motion. The reasons are as follows

### Procedural History

1. Defendant, Ralph Bernard Ingram, was arrested following the execution of a search warrant, issued out of this Court, for premises 2101 Ridgecrest Court, S.E. Apartment 204, Washington, D.C. on January 26, 2006. He, along with Cinquan Blakney, was charged by Criminal Complaint, on January 27, 2006, alleging narcotic and weapons charges, before Magistrate\Judge Robinson. On that date, an Indictment was returned and filed charging Defendants, Ingram and Blakney, with Possession With Intent To DistributeCocaine Base, Cocaine and Heroin (Counts One Two and Three) under 21 U.S.C. 841, (A),(B), (C), and with using, carrying and

1

possessing firearms in furtherance of a drug trafficking offense, to wit: an Uzi 9mm sub-machine gun and a Smith & Wesson 40 calibre semi-automatic handgun under 18 U.S. C. 924 (c)(1). on January 26, 2006. Defendant was arraigned on the Indictment on January 31, 2006.

 2.  Further proceedings were held in the case as described in the initial Motion To Dismiss Indictment, Speedy Trial Act, filed April 7, 2006 (paragraphs 2, 3, & 4), which need not be repeated here. The Court denied the Motion to Dismiss by written Order Filed May 26, 2006.

 3.  On August 23, 2006, A Superseding Indictment was filed charging Defendants, Cinquan Blakney, Ralph Ingram, Tristan Sellers, India Graves, Sean Blakney, James Morgan, Kevin Morris and Donovan Bostick, in one hundred and fifteen counts charging variously Conspiracy – (21 USC 846), Controlled Substance Act offenses (21 U.S.C. 841), Unlawful Use of A Communications Facility (21 U.S.C. 843(b)), Destruction of Records, etc (18 U.S.C 1519), and Firearms offenses (18 U.S.C. 924(c)(1) and 922(g).

 4.  Ralph Ingram was charged in the Conspiracy Count (Count One) and in substantive counts, being Counts Eleven, Twelve, Thirteen, Sixteen, Seventeen, Eighteen, Nineteen, Twenty, and Twenty-one -  all relating to the arrest of January 26, 2006.  Counts Forty-four, Forty-five, Forty-six, Forty-Seven , Forty-nine, Sixty-two, Sixty-nine and Seventy relate to the months

2

of December 2005 or January 2006 and charge either Ingram alone or with Cinquan Blakney, India Graves or Tristan Sellers, all of whom were alleged to have been present on January 26, 2006 at the time of the execution of the search warrant.

    5. Defendant was arraigned on October 4, 2006 on the Superseding Indictment. On December 21, 2006, the Court granted a Government motion to exclude 180 days from the Speedy Trial Act calculations to commence when the last of the co-defendants is arrested as long as the period of delay is not unreasonable.

    6. On April 27, 2007, this Court set a trial date on the Superseding Indictment to commence with jury selection on March 11, 2008 and trial set to begin after jury selection. A motions filing schedule was set and a motions hearing was scheduled for March 3, 2008. However, this was not to occur. Because of the commitment of a government counsel, counsel for Blakney, the Court's schedule and the schedules of other counsel for defendants – all discussed at a Status Hearing of February 29, 2008 – the trial of this case is now scheduled to commence with jury selection on February 9, 2009. None of the circumstances which occasioned this delay was caused by or contributed to by Defendant, Ingram, or his Counsel. If this trial commences on February 9, 2009, Defendant, Ralph Ingram, will

have been detained in connection with this case for over three (3) years. There is now pending against Defendant, the original Indictment filed January 27, 2006 and the Superseding Indictment filed August 23, 2006. None of the pre-trial motions filed in accordance with the schedule set by the Court in April of 2007 have been heard. Discovery matters are now set to be heard until September 5, 2008.

Argument

7. As noted above, the original Indictment filed in this case on January 27, 2006, charged allegations relating to the execution of the search warrant for Ridgecrest Court, S.E. on January 26, 2006. The government contends that in addition to Cinquan Blakney and Ralph Ingram, India Graves and Tristan Sellers were also on the premises. Though neither Graves nor Sellers was named in the Indictment filed January 27, 2006, the Superseding Indictment charges them with substantive counts alleged to have occurred on the date of the execution of that search warrant. The significance of this is discussed below.

8. The Conspiracy Count (Count One) of the Superseding Indictment, although it charges Defendant, Ingram, with Conspiracy, does not specifiy when he is alleged to have joined the conspiracy and what specific agreement he joined. A person who joins a conspiracy does not join a group

4

but an agreement. *United States v. Townsend*, 924 F.2d 1385 (7 Cir. 1991). Although the Conspiracy is alleged to have commenced atleast 2002, none of the substantive Counts of the Indictment charged against Defendant, Ralph Ingram, predate December of 2005 – a month before his arrest. None of those Counts name other than Defendant, Ralph Ingram, Cinquan Blakney, India Graves or Tristan Sellers.

    9. The Superseding Indictment, insofar as Defendant, Ralph Ingram, is concerned, is essentially a "gilded" charge in that it only "gilds" the initial charges as contained in the original indictment. As was held in *United States v. Andrews,* 790 F.2d 803, 808-09 (10 Cir. 1986) :

> . . .As a general rule, new Speedy Trial Act periods begin to run with respect to an information or indictment adding a new charge not required to be brought in the original indictment. . .However, when the later charge is merely a part of or only "gilds" the initial charge, the subsequent charge is subject to the same Speedy Trial Act limitations imposed on the earlier indictment. . .

    10. The same rationale has been expressed in *United States v. Bailey,* 111 F.3d 1229, 1236 (5th Cir. 1997) as the Court recognized "Where a subsequent charge merely 'gilds' the initial charge filed against an individual and the different accusatory dates between the two charges are not reasonably explicable" this Court has held that "the date of the initial arrest may trigger the applicable time periods of the Act as to the prosecution of

both offenses.". . .Thus, a gilded charge is one that merely annotates in more detail the same charge alleged in the initial accusatory instrument. . ." citing *United States v. Bilotta,* 645 F.Supp 369, 371 (E.D.N.Y. 1986) (holding that addition of certain factual allegations in superseding indictment did not change fact that actual crime charged was the same as that charged in original complaint and therefore subject to dismissal). (id. 1236).  See also, *United States v. Bailon-Cruz,* 351 F.Supp. 1131, 1136 (D.C. D. Colo. 2004). as to where a superseding indictment merely "gilds" the charges in the initial instrument.  A prime example of 'guilded charging' in this case relates to the firearms counts.  In the original Indictment returned January 27, 2006, the 18 U.S.C. 924(c)(1) charge contained in Count Four, charges an Uzi 9mm sub-machine gun and a Smith & Wesson .40 caliber semi-automatic handgun.  In the superseding indictment returned August 23, 2006, the two firearms described above,( charged in a single count in the original Indictment), are charged against the Defendant, Ralph Ingram, in six counts (16, 17, 18, 19, 20 and 21).  These Counts "gild" the firearms charge in the single count of the Original Indictment, and are also subject to dismissal on multiplicity grounds set forth in the Motion to Dismiss filed 10-5-07.  The Counts of the Superseding Indictment as they allege conduct on January 26, 2006, are "gilded" charges.  The remaining counts allege conduct preceding

January 26, 2006 and not subsequent thereto. The superseding indictment did not restart the speedy trial clock as to defendant, Ingram.

11. As to the term "superseding indictment" it 'refers to a second indictment issued in the absence of a dismissal of the first *United States v. Rojas-Contreras*, 474 U.S. 231, 108 S.Ct. 555 (1985), concurring opinion, Blackmon,J. (108 S.Ct. at 559). Further, there is 'no authority which supports the proposition that a superseding indictment zaps an earlier indictment to the end that the earlier indictment somehow vanishes into thin air.' *United States v. Bowen,* 946 F.2d 734, 736 (l0th Cir. 1991).

12. The end result of the filing of the superseding indictment and the ensuing history of the case, was to create a chain of circumstances which has resulted in the denial of Ralph Ingram's right to a Speedy Trial on any Indictment, including his Sixth Amendment right to Speedy Trial. This Amendment guarantees that a defendant "shall enjoy the right to a speedy and public trial." There are four factors to be balanced: "length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant."*Barker v. Wingo,* 407 U.S. 514, 530 (1972). As was recently summarized in *United States v. Mendoza,*   F.3d   (9th Cir. 3-3-08) 2008 WL 553744. "For speedy trial claims, the length of the 'delay is measured from the time of the indictment to the time of trial'. . .If the length of delay

7

is long enough to be considered presumptively prejudicial, an inquiry into the other three factors is triggered. *Barker,* 407 U.S. at 530.. . . Generally, a delay of more than one year is presumptively prejudicial.' *United States v. Gregory*, 322 F.3d 1157, 1161-62. (9th Cir. 2003)  In *Doggett v. United States,* 505 U.S. 647,  112 S.Ct. 2686, 120 L.Ed.2d 520 (1992)  the Supreme Court majority noted that "Depending on the nature of the charges, the lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year . . .We note that as the term is used in this threshold context, 'presumptive prejudice'  does not necessarily indicate a statistical probability of prejudice: it simply marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* inquiry. . ." 112 S.Ct. at 2691, note 1.  As noted above the original Indictment was filed January 27, 2006 and the Superseding Indictment was filed August 23, 2006.  The present trial date  with jury selection is scheduled to begin February 9. 2009 – being more than three years from the filing of the original indictment and almost 2 ½ years from the filing of the Superseding Indictment.  We submit that the delay under any standard is "presumptively prejudicial."

    13.  The alacrity with which the original indictment was filed – one  day after Defendant's arrest – would indicate that the government was prepared for a early speedy trial.  The pre-accusation stage in this case reflected that

four wire intercept orders had been sought and executed prior to the application for the search warrant which led to Defendant's arrest on January 26, 2006. However, the government created the first delay in this case on February 22, 23 2006 by the filing of motions to admit evidence under Rule 404(b) F.R.Ev. and admission of prior convictions under Rule 609. This is an example as to how the Speedy Trial Act time limits can be tolled by the filing of motions. (18 U.S.C. 3161 (h)(F). Defendant's motion to invoke Speedy Trial rights under the statute was resisted by the government culminating in a Order denying the Motion To Dismiss for Speedy trial on May 26, 2006. At a Status Hearing on June 19, 2006, oral motions for bond release were denied and a further status hearing was scheduled for August 18, 2006. When the superseding indictment which added six defendants and charged one hundred and fifteen counts was filed on August 23, 2006, it became clear that no trial of Defendant would be scheduled on the original indictment. On the superseding indictment, as noted above, the trial is set to commence Februay 2009, reiterating that three years will have elapsed from the return of the original indictment and almost two and a half years from return of superseding indictment.

  14. In *Doggett*, the majority observed in prior cases: ". . .that unreasonable delay between formal accusation and trial threatens to produce

9

more than one sort of harm, including 'oppressive pretrial incarceration,' 'anxiety and concern of the accused,' and 'the possibility that the (accused's) defense will be impaired' by dimming memories and loss of exculpatory evidence.. . .Of these forms of prejudice 'the most serious is the last, because of the inability of a defendant adequately to prepare his case skews the fairness of the entire system. (ibid 112 S. Ct at 2692). As the Court in *Doggett*, supra also noted: ". . .Once triggered by arrest, indictment, or other official accusation,. . .the speedy trial enquiry must weigh the effect of delay on the accused's defense just as it has to weigh any other form of prejudice that *Barker* recognized.. . . consideration of prejudice is not limited to the specifically demonstrable, and, . . affirmative proof of particularized prejudice is not essential to every speedy trial claim.. . . . *Barker* explicitly recognized that impairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony can 'rarely be shown. . .And though time can tilt the case against either side. . .one cannot generally be sure which of them has prejudiced more severely. Thus, we generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify. While such presumptive prejudice cannot alone carry a Sixth Amendment

10

claim with regard to the other. . . .it is part of the mix of relevant facts, and its importance increases with the length of delay." (112 S.Ct. 2692-93).

      15.  Defendant first asserted his speedy trial claim after the original indictment was filed and before the superseding indictment.  After the return of the superseding indictment, a motions and trial schedule was set by the Court in April of 2007 after all defendants were before the Court.  When this motions hearing and trial schedule was delayed from March of 2008 to February of 2009 because of factors not created by Defendant, Ingram or his Counsel, this assertion of his speedy trial right is made again.  None of the filed motions have been heard.  The motions involving discovery are now scheduled for September of 2008 and the remaining motions are to be heard in February of 2009. Defendant will not know who his unnamed accusers are until the time of trial, unless disclosure is ordered beforehand.  He cannot predict how the Court will rule on the outstanding discovery motions or the other substantive pre-trial motions.  Because of this, other than the dates alleged in the superseding indictment, he may well be faced with accusations alleged to have occurred on dates, times and places more than three years earlier with no ability to defend against or contradict them at the time of trial.  These being among the very concerns that *Doggett*, supra envisioned.

11

16. Defendant has suffered delay, oppressive pre-trial incarceration, anxiety and concern, and the possible impairment of providing a defcnse because of the passage of time – in this case not just months, but years. The original indictment – which is still pending – focused on allegations by the government as pertained to the events of January 26, 2006. The superseding indictment is more expansive in scope and number of defendants. As noted above none of the filed pre-trial motions regarding discovery has been determined and the balance of the pre-trial motions are scheduled to be heard before trial scheduled for February of 2009.

17. Defendant submits it is implicit that when the government seeks a superseding indictment the Court should take care that the seeking of a superseding indictment does not operate to prejudice the defendant. See *United States v. Rojas-Contreras*, 106 S.Ct. at 558.

18. The Sixth Amendment to the Constitution provides for the right to a speedy trial. The right attaches upon arrest or indictment, whichever occurs first. *United States v. MacDonald,* 456 U.S. 1, 6-7, 102 S.Ct. 1497, 1500-02, 71 L.Ed 2d 696, (1982). The Speedy Act, 18 U.S.C. 3161, etc., recognizes that no provision ' shall be interpreted to bar any claim of denial of speedy trial as required by amendment VI of the Constitution.' 18 U.S.C. 3173. That there may be no violation of the Speedy Trial Act would not

necessarily preclude a court from finding a violation of a Sixth Amendment right to a speedy trial. *United States v. Santiago-Becerril*, 130 F.3d 11, 21 (1st Cir. 1997).

19. Defendant, Ralph Ingram's case, for example, could have proceeded on the original indictment in 2006 and the cases against the remaining defendants charged in the superseding indictment could have proceeded independently on whatever schedule, as several are charged with substantive offenses pre-dating December of 2005. The delay which has occurred in this case was not contemplated at that time. The combination of the circumstances outlined above, shows that Ralph Ingram, was not responsible for the path that this case has taken leading to the three year delay between arrest and prospective trial. Unless this case is otherwise disposed of, Defendant has been denied a speedy trial for all of the above reasons.

WHEREFORE, Defendant prays that this motion be granted and that the pending indictments be dismissed for lack of a speedy trial.

> WILLIAM J. GARBER #42887
> 717 D Street, N.W. Suite 400
> Washington, D.C. 20004-2817
> Tel (202) 638-4667
> Attorney for Ralph Ingram