UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-21-2 (RWR) |
| | : | |
| RALPH INGRAM | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DISMISS INDICTMENT, SPEEDY TRIAL ACT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby opposes defendant's Renewed Motion to Dismiss Indictment on Speedy Trial Grounds ("Motion to Dismiss"). The government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

**Procedural Background**

On January 27, 2006, defendant and co-defendant Cinquan Blakney were charged in a four-count indictment with Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base (Crack), Unlawful Possession with Intent to Distribute Cocaine, Unlawful Possession with Intent to Distribute Heroin, and Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense. (See Document # 2). On January 31, 2006, the defendant was arraigned before the Honorable Deborah A. Robinson on the indictment and pled not guilty. On February 9, 2006, Magistrate Robinson presided over a detention hearing for defendant, and concluded that there were no conditions of release that would reasonably assure the safety of the community. (See Document #8). On February 22, 2006, the government filed in this case motions pursuant to Fed. R. Evid. 404 (b) and Fed. R. Evid. 609. (See Documents #9-12, #26 and #27). Thereafter, there were a series of delays attributable to co-defendant Blakney's conflicts with his counsel. (See Documents #14-16,

1

34, 60).

On April 7, 2006, defendant Ingram filed a similar motion to dismiss on Speedy Trial Act grounds (see Document #18), the government opposed that motion (see document #20), and on May 26, 2006, the Court denied defendant's first motion to dismiss. (See Document #24).

On August 23, 2006, a superseding indictment was returned adding many counts and 6 additional defendants. (See Document #30). The defendant was arraigned on the superseding indictment on October 4, 2006. On December 21, 2006, the Court granted the government's unopposed motion to exclude 180 days from the Speedy Trial Act calculation because of the complexity of the case. (See Document #55). On April 27, 2007, the Court set this matter for trial on March 11, 2008, with motions hearing to commence on March 3, 2008. On or about June 1, 2007, defendant began filing a series of motions. (See Document #73). Also, on September 20, 2007, defendants filed numerous other motion, which are pending before the Court. (See Documents #88 to 96).[1]

In January of 2008, another United States District Court judge set a trial for February 11, 2008, which involved counsel for defendant Blakney and the undersigned. Based on those actions, this Court continued the March 11th trial date in this matter. At a status hearing on February 29, 2008, this Court rescheduled this trial for February 9, 2009. This date was the earliest trial date, taking into account all counsels schedules.

---

[1] Defendants have filed additional motions since September 20, 2007, which also tolled the Speedy Trial Act time.

**Legal Analysis and Argument**

Defendant Ingram contends that the Speedy Trial Act has been violated, and defendant's case should be dismissed. (Motion to Dismiss at 4-13). Defendant's contentions is without merit.

As noted above, defendant filed a similar motion, on April 7, 2006, (see Document #18), which the Court denied on May 26, 2006. (See Document #24). The Court, relying on 18 U.S.C. §3161 (h)(1)(F), and case law on this issue, concluded "that so long as the position advanced in the government's pretrial motions have a legitimate legal predicate - as they clearly do - then the Court cannot look behind the government's asserted good-faith basis for filing the motions . . . ." Id. at 4. These motions remain outstanding, and therefore the time from the filing of the motions, February 22, 2006, to the present is excluded from the Speedy Trial Act calculation.

Also, on December 21, 2006, the Court granted the government's unopposed motion to exclude 180 days from the Speedy Trial Act calculation, to approximately June of 2007. (See Document #55). Finally, starting in June of 2007, defendants, including defendant Ingram, filed a series of motions, which the Court has scheduled to resolve in September of 2008, which also tolls the Speedy Trial Act calculation. Therefore, by defendants filing their respective motions and pursuant to 18 U.S.C. §3161 (h)(1)(F), the Speedy Trial Act time is tolled.

Additionally, defendant claims that he is prejudiced by what defendant claims is a Speedy Trial Act violation, and therefore, the indictment should be dismissed. (Motion to Dismiss at 7-13). Discovery has been provided to defendant, including approximately thousands of wiretap activations, and approximately twenty search warrants. The delay is not attributable to government. The Court previously concluded that this was a complex case for purposes of tolling the Speedy Trial Act.

Defendant's Speedy Trial Act assertion is transparent. Defendant has filed motions tolling the Speedy Trial Act, and then is claiming that he has asserted his Speedy Trial rights. Defendant cannot have it both ways, request a speedy trial and then stop the clock by filing motions. Defendant, however, does not set forth how he has been prejudiced, and certainly cannot because there has been no prejudice to defendant.

Defendant also claims that the superseding indictment against him is a "gilded" charge. Id. at 5-7. The superseding indictment does not contain gilded charges, but more importantly, the Speedy Trial Act time is tolled by way of the filing of both the government's and defendant's motions, that have not been resolved, and therefore defendant's arguments are moot.

In United States v. Brim, 630 F.2d 1307, 1312 (8th Cir. 1980), both the defendant and the government filed pretrial motions. The defendant argued that "motions for discovery, disclosure of alibi witnesses, and the like" should not toll time under the Act. Id. The court stated that "Congress intended a more liberal interpretation of the provision as a whole." Id. A motion to disclose an alibi witness is a motion formally filed by the government. Clearly a motion filed by the government will toll the time pursuant to the Act. Moreover, with the filing of this motion, the defense has stopped the time by which the trial must commence, pursuant to the Act.

WHEREFORE, for the reasons stated above, the United States respectfully submits that the Defendants' Renewed Motion to Dismiss Indictment, Speedy Trial Act should be denied.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

_____
Anthony Scarpelli
George Eliopoulos
Assistant United States Attorneys
Narcotics Section, D.C. No. 474711
555 4th Street, N.W.  #4816
Washington, DC 20530
Phone: 353-1679