FILED
APR 2 9 2008
NANCY MAYER WHITTINGTON, CLERK
U.S DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO.   06-21 (RBW) |
| | : | |
| v. | : | VIOLATIONS: 21 U.S.C. §846 |
| | : | (Conspiracy to Distribute and Possess With |
| **RALPH INGRAM,** | : | Intent to Distribute More than 1 |
| | : | Kilogram of Heroin, More than 5 |
| **Defendant.** | : | Kilograms of Cocaine, More than 50 Grams |
| | : | of Crack Cocaine Base, More than 1 |
| | : | Kilogram of PCP, and Marijuana |
| | : | |
| | : | |
| _____ | : | |

## GOVERNMENT'S PROFFER OF EVIDENCE

1.   From no later than 2003 and continuing to and including January 2006, excluding time incarcerated, the defendant, Ralph Ingram, was associated in fact with and did knowingly and willfully combine, conspire, confederate and agree together and with Cinquan Blakney, Tristan Sellars, India Graves and other persons both known and unknown to the United States to unlawfully, knowingly and intentionally distribute and possess with intent to distribute heroin, cocaine, crack cocaine, phencyclidine (PCP) and marijuana.  The narcotics trafficking conspiracy with which defendant Ingram was associated took place in Washington, D.C., Virginia, Maryland, California, and elsewhere.

2.   During his participation in the above-described conspiracy, defendant Ingram knowingly and intentionally conspired and agreed with a number of individuals, both known and unknown to the government, including those identified in paragraph number 1, above, to distribute and possess with intent to distribute more than 1 kilogram of heroin, more than 5 kilograms of cocaine, more than 50 grams of crack cocaine base, more than 1 kilogram of PCP, and a quantity of marijuana, which amounts include amounts distributed or possessed with intent to distribute by defendant's co-conspirators pursuant to jointly undertaken criminal activity that was reasonably foreseeable by the defendant and within the scope of the defendant's conspiratorial agreement.

3.   During his participation in the conspiracy and as part of the conspiracy, defendant Ingram cut, mixed, cooked and packaged cocaine, crack cocaine base, heroin, and PCP for redistribution; utilized property of others to manufacture, cut, package and store illegal narcotics; recruited workers to participate in the manufacturing, packaging and distribution of illegal narcotics; participated in and supervised the distribution of illegal narcotics; and collected the proceeds of narcotics trafficking.

4.     These activities included, but are not limited to, the following:

--     Starting in approximately 2002 and as part of the conspiracy, Cinquan Blakney, Ralph Ingram and other co-conspirators redistributed illegal narcotics in Washington, D.C. Cinquan Blakney and his co-conspirators utilized Blakney's home at 2303 Good Hope Court, S.E., Apt. 203, Washington, D.C., to store, manufacture and repackage illegal narcotics, including heroin and PCP, for redistribution. Blakney maintained 16-20 ounce juice bottles containing PCP and transferred the PCP into many smaller glass bottles (like the type in which scented oil is sold). Blakney and co-conspirators distributed the PCP to other co-conspirators for redistribution in various locations in Washington, D.C., including the Wahler Place, Yuma Street Alley, and Condon Terrace areas. Additionally, as part of the conspiracy, Ralph Ingram personally distributed PCP in the Park Chester area of Washington, D.C. On March 3, 2004, the FBI executed a search warrant on Cinquan Blakney's home at 2303 Good Hope Court, S.E., Apt. 203, and recovered illegal contraband including grinders with heroin residue, and glass heroin containers.

--     In 2005 Cinquan Blakney, Ralph Ingram, and their co-conspirators utilized a home at 2122 13th Street, S.E., Washington, D.C., to store, manufacture, cut and repackage for distribution purposes heroin,, crack cocaine base, PCP and marijuana. On December 30, 2005, the FBI executed a search warrant at 2122 13th Street, S.E., and recovered illegal contraband including numerous small glass bottles with PCP residue.

--     In 2005 Cinquan Blakney and his co-conspirators utilized a home on Chesapeake Street, S.E., Washington, D.C. to store and sell large quantities of marijuana.

--     In 2005, Cinquan Blakney and his co-conspirators acquired PCP, cocaine and marijuana from California through other co-conspirators and arranged through co-conspirators to ship these illegal narcotics to Cinquan Blakney in the Washington, D.C. area. Shipments were made by various means including through UPS. Co-conspirators made two such shipment on or about June 14, 2005, and July 22, 2005. The June 14, 2005 shipment contained approximately 20 ounces of PCP and the July 22, 2005 shipment contained approximately 20 ounces of PCP and a 1/2 kilogram of powdered cocaine. Prior to the July 22, 2005 shipment, Cinquan Blakney and his co-conspirators traveled to Long Beach, California to settle a drug debt and to arrange for the acquisition of the PCP and cocaine. Cinquan Blakney and his co-conspirators arranged for the purchase of approximately 20 ounces of PCP and a 1/2 kilogram of powdered cocaine. Cinquan Blakney and co-conspirators arranged to have the PCP and cocaine shipped by UPS on or about July 22, 2005, from California to Cinquan Blakney in the D.C. area.

--     In early January 2006, until January 5, 2006, Cinquan Blakney, Ralph Ingram, Tristan Sellers and other co-conspirators used a hotel room at the Embassy Suites Hotel in Arlington, VA to store, cook and package heroin and crack cocaine base for redistribution. The FBI recovered a wrapper for approximately one kilogram of heroin, which still contained heroin residue, and a plate from inside the microwave that contained crack cocaine residue.

-- From 2005 until January 2006, Cinquan Blakney, Ralph Ingram, Tristan Sellers, India Graves and other co-conspirators used a residence located at 2101 Ridgecrest Court, Apartment 204, S.E., Washington, D.C., to store, cook and package heroin, cocaine, crack cocaine and PCP for redistribution. Cinquan Blakney, Ralph Ingram, Tristan Sellers and their co-conspirators, would distribute heroin, cocaine, crack cocaine and PCP to other co-conspirators in the Waler Place, High Point, Eastover and Naylor Road areas of Washington, D.C. On January 26, 2006, the FBI executed a search warrant at the Ridgecrest address and recovered illegal contraband including crack cocaine base (over 50 grams), cocaine, heroin, scales and crack cocaine residue in the microwave. Ralph Ingram was found to have on his person (in his pocket) over 80 bags of crack cocaine base.

-- On January 27, 2006, the FBI executed a search warrant on Cinquan Blakney's Chrysler minivan that was parked outside of the Ridgecrest apartment. Cinquan Blakney, Ralph Ingram, Tristan Sellers and other co-conspirators utilized the minivan in furtherance of the conspiracy. On January 26, 2006, when the minivan was seized by the FBI and when Ralph Ingram was arrested, Ralph Ingram was found in possession of the key to the minivan. The FBI recovered from the minivan illegal contraband and narcotics trafficking paraphernalia, including coffee grinders, a large number of empty ziplock bags, cutting agents, spoons, strainers, razor blades, and rubber gloves.

-- From 2005 until January 2006, Cinquan Blakney, Ralph Ingram, Tristan Sellers and other co-conspirators used a residence located at 811 Barnaby Street, S.E., Washington, D.C., to store, cut, cook, and repackage for redistribution illegal narcotics including crack cocaine and heroin.

5. Ralph Ingram has carefully read each and every paragraph of the 115-count indictment in this case, and he has no knowledge of any fact that would contradict or otherwise put in dispute the accuracy and truthfulness of any fact or allegation in the indictment.

6. The foregoing proffer of evidence is not intended to be an exhaustive statement of all facts known by the defendant relating to each incident or as to other matters relevant to the above-

described conspiracy. The foregoing proffer of evidence is only a limited statement of facts necessary to support the defendant's plea of guilty.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

GEORGE ELIOPOULOS
ANTHONY SCARPELLI
Assistants United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7294

## DEFENDANT'S ACCEPTANCE

I have read the Government's Proffer of Evidence setting forth the facts as to my participation in a conspiracy to distribute and possess with intent to distribute heroin, cocaine, crack cocaine base, PCP, and marijuana, in violation of Title 21, United States Code, Section 846. I have discussed this proffer fully with my attorney, William Garber, Esquire. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 4-29-08

RALPH INGRAM
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read the government's proffer of evidence as to my client's participation in a narcotics conspiracy. I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 4/29/08

WILLIAM GARBER, Esquire
Counsel for Ralph Ingram