UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA:

        v.    :    Criminal No. 06-21-02 (RBW)

RALPH BERNARD INGRAM    :

MEMORANDUM IN AID OF SENTENCING

    Defendant, Ralph Bernard Ingram, by and through his attorney, submits the following in aid of sentencing which is presently scheduled for July 17, 2008.

    1. Defendant stands before the Court for sentencing upon his plea of guilty to Count One of the Indictment which charges a Conspiracy to Distribute and to Possess With Intent To Distribute Heroin, Cocaine, Cocaine Base, Phencyclidine and Marijuana pursuant to 21 U.S.C. 846.  The plea was entered pursuant to a written plea agreement, filed April 29, 2008. The terms of the plea agreement were conditioned upon the acceptance by the Court of pleas of guilty by co-defendants, Cinquan Blakney and India Graves and the Court's acceptance of Defendant's guilty plea, including an agreed sentence of thirteen (13) years. under Rule 11©(i)©, Federal Rules of Criminal Procedure.  The contingency of the plea being accepted is set forth in paragraphs 2 and 3 of the written plea agreement, which includes, among other things, the acceptance of the terms of pleas by Cinquan

Blakney and India Graves and the Court accepting their respective pleas. These contingencies are beyond the control of Ralph Ingram and can vitiate this whole process.

    2. If the Court accepts the pleas tendered, Defendant would request at the time of sentencing, that the Court recommend that Defendant be afforded the opportunity to participate in a substantive abuse treatment program by the Bureau of Prisons pursuant to 18 U.S.C. 3621(e)(2)(A)(B). As the Presentence Investigation Report reflects, Defendant has a substance abuse problem and would benefit by being able to participate in such a program. (PSI Report, pg. 17, para. 56)

    3. In preparing the Presentence Investigation Report and calculating the sentencing guideline for the offense, irrespective of the agreed sentence of thirteen years, the Probation Officer assigned a two level increase in the guidelines calculation predicated upon the allegation that dangerous weapons were possessed by defendant and/or coconspirators during the course of the conspiracy. (USSG 2D1.1(b)(1)). (PIR, pg. 8, para 25). According to the PIR, the total offense level is 33, as opposed to a total offense level of 31, without the enhancement. Instead of a guideline range of 188 to 235 months (PIR, pg. 19, para 66), the range would be 151 to 188 months  Defendant objected to any weapons enhancement or reference to

weapons in this case. In this negotiated plea, the elements of the offense of conspiracy (21 USC 846), filed April 29, 2008, contained no allegation that weapons were involved in the charged Conspiracy. The Government's Proffer of Evidence, filed April 29, 2008, in outlining the alleged Conspiracy and the roles of the charged Defendants makes no reference to weapons in the proffer. If the Court should accept the agreed sentence, pursuant to USSG 6B1.2(c)(2), it might appear that any weapons reference might not materiality be of consequence. However, it appears from a reading of the Bureau of Prisons Regulations pertaining to early release qualifications not to exceed 12 months for participation in a residential drug abuse treatment program (Chapter 6) that a current offense which is a felony " that involves the carrying, possession or use of a firearm or other dangerous" renders the inmate ineligible for participation in the program. Chap 6, $550.58. BOP Regulations. As the factual proffer and the elements of the offense in this negotiated plea make no reference to weapons, Defendant would move the Court to direct that the Presentence Investigation Report, delete any reference to weapons or any enhancement for the same so as to render him eligible for the drug program.

    4. Defendant is twenty-six years old and has one child who is almost four years of age. He has a high school education, but has no property and it

3

appears unlikely that he will have any financial assets when released from confinement. He has been confined in connection with this case for almost two and a half years awaiting disposition.

    5. This memorandum is not to be considered as a substitute for allocution in open Court at the time of sentencing, but is directed to issues that the Court should be alerted to prior to sentencing involving the PIR and the matters objected to.

                  Respectfully submitted,

                  WILLIAM J. GARBER, 42887
                  7l7 D Street, N.W. Suite 400
                  Washnington, D.C. 20004-2817
                  Tel: (202) 638-4667
                  Fax (202) 842-8769
                  e-Mail: docgarbdc@verizon.net