UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMIA

UNITED STATES OF AMERICA :

                v.             :   Criminal No. 06-21-02 (RBW)

RALPH BERNARD INGRAM   :

SUPPLEMENTAL MEMORANDUM IN AID OF SENTENCING

Defendant, Ralph Bernard Ingram, submits this Supplemental Memorandum in Aid of Sentencing filed July 14, 2008. to include the following authority.

1. The Presentence Investigation Report, in calculating the Defendant's Guideline range, submitted a two level enhancement for weapons possession "by the defendant and/or other coconspirators throughout the course of the conspiracy." (PIR pg. 8, para 25).  As was set forth in the Memorandum filed, neither the elements of the charged Conspiracy, nor the Factual Proffer, made any reference to weapons.  The proposed enhancement is therefore objected to.  Even though, the offense and sentence of thirteen years might not be effected, Defendant would suffer a consequence of being denied early release for substance abuse treatment under Bureau of Prison Regulations.,  (28 C.F.R. &550.58(a)(1)(vi)(B).

2. The Court and Counsel are referred to the case of *United States v. Tabron*,  437 F.3d 63 (D.C. Cir. 2006). wherein the District of Columbia

Circuit dealt with this issue. In that case, the appellant had pled guilty to a marijuana, cocaine and crack distribution conspiracy. He received a "gun bump" as the Court defined it based on weapons possession of alleged co-conspirators. Because the district court made no explicit finding as to the scope of appellant's conspiratorial agreement and because the case law required such findings the Circuit Court vacated the "gun bump." Further, the appeal was taken because, although the gun bump would have had no effect on the length of appellant's imprisonment, his security classification and designation by the Bureau of Prisons would likely be adversely effected, as well as eligibility for early release for drug treatment.

  3  In this negotiated plea where the elements of the offense and the Government's Factual Proffer make no reference to weapons being possessed by either the Defendant no other co-conspirators and the scope of Defendant's conspiratorial agreement as outlined in the factual proffer does not include weapons possession, no enhancement is warranted or is necessary under the Sentencing Guidelines for a two level gun bump and such should not be referred to or alluded to in the PreSentence Investigation Report.

  4.  As the sentence of 13 years is an agreed sentence and if the Court accepts the plea agreement and sentence, the firearms enhancement is

unnecessary and creates an issue which will have no bearing on the agreed sentence and plea agreement, the resolution of which extended over several months of negotiation, including what was to be delineated in the factual proffer. For these reasons and as suggested by the Circuit Court in *Tabron*, supra, the Court can avoid the issue entirely- See Rule 32(i)(3)(B), Federal Rules of Criminal Procedure.- by determining that a ruling is unnecessary, would not effect sentencing and because the Court will not consider the matter. It should be deleted from the Presentence Investigation Report.

WILLIAM J. GARBER 342887
717 D Street, N.W. Suite 400
Washington, D.C. 20004-2817
(202) 638-4667
Fax (202) 842-8469
e-Mail docgarbdc@verizon.net